

**MAKAREM & ASSOCIATES, APLC**
Ronald W. Makarem, Esq. (SB #180442)
Marni B. Folinsky, Esq. (SB #209880)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California  90025-1760
Phone: (310) 312-0299
Facsimile: (310) 312-0296
Email: makarem@law-rm.com
Email: folinsky@law-rm.com


Michael H. Kim, Esq. (SB #200792)
**MICHAEL H. KIM , P.C.**
3699 Wilshire Boulevard, Suite 860
Los Angeles, California 90010
Telephone: (213) 639-2900
Facsimile: (213) 639-2909
Email: mkim@mhklawyers.com

Attorneys for Plaintiff
ESTHER LEONG, individually and
on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ESTHER LEONG, individually and
on behalf of all others similarly
situated,

     Plaintiff,

v.

SQUARE ENIX OF AMERICA
HOLDINGS, INC., a Delaware
corporation; SQUARE ENIX, INC., a
Washington corporation, DOES 1-10
     Defendants.

Case No.

**CV09-04484 PSG VBKx**

**CLASS ACTION COMPLAINT**

**[JURY TRIAL DEMANDED]**

Case No.

CLASS ACTION COMPLAINT

Plaintiff, ESTHER LEONG, individually, and on behalf of all others similarly situated, by and through undersigned counsel, files this class action lawsuit against Defendants, SQUARE ENIX OF AMERICA HOLDINGS, INC., and SQUARE ENIX, INC. (collectively "Square Enix" or "Defendants").  Plaintiff alleges as follow upon personal knowledge as to her actions and upon information and belief as to all other facts alleged in the Complaint:

## PRELIMINARY STATEMENT

1.   This is a class action brought by Plaintiff on behalf of a Class of persons who purchased Defendants' online games during the period of June 1, 2005 through present ("Class Period").

2.   This case narrowly focuses on Defendants' deceptive advertising, unfair practices, and fraudulent concealment to conceal certain critical information about their online games.   The deceptive advertising, unfair and undisclosed business practices, and concealment concern, *among others*:

    i.   Licensing of the online game software disguised as a sale;

    ii.   Monthly fees ("fees") to play the online games;

    iii.   Penalties for late payment of the fees;

    iv.   Interest charges for late payment of the fees;

    v.   Charges while the online game account is suspended;

    vi.   Termination of the right to use the online game for late payment of the fees;

    vii.   User restrictions and conditions related to the online games;

    viii.   Termination of game data for late payment of the fees.

3.   Based on Defendants' false and deceptive advertising, Plaintiff asserts claims against Defendants under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., False Advertising Law ("FAL"), Bus. & Prof. Code § 17500, et seq., the Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code §

1750 et seq., and for common law Unjust Enrichment.

## PARTIES

4.     Plaintiff, Esther Leong, is presently, and at all times material hereto was a resident of San Francisco, California.

5.     On information and belief, SQUARE ENIX OF AMERICA HOLDINGS, INC. is a Delaware corporation with its principal place of business in the City of El Segundo, County of Los Angeles, and State of California. On information and belief, SQUARE ENIX OF AMERICA HOLDINGS was established in 2006 as a US-based holding company to control management and operations of the company's subsidiaries in North America.  On information and belief, SQUARE ENIX, INC. is a Washington corporation with its principal place of business in the City of El Segundo, County of Los Angeles, and State of California.  Collectively, SQUARE ENIX OF AMERICA HOLDINGS, INC., and SQUARE ENIX, INC. have developed and sold, and continue to sell the online games, and own and operate the online system through which the online games are played.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(a) and 1332(d), because the amount in controversy exceeds $5 million exclusive of interest and costs, and certain members of the putative Class are citizens of states other than Defendants' state of citizenship.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

7.     The subject lawsuit is governed by California law, without reference to its rules regarding conflicts of law pursuant to a written agreement.

8.     This Court has personal jurisdiction over all Class members regardless of their place of residence pursuant to a written consent by each of the Class

members which states that they "hereby irrevocably submits and consent to the sole and exclusive jurisdiction of the courts of the State of California and of the United States of America located in the count of Los Angeles."

9.      Venue is proper in this Court because Defendants reside in this District, and a substantial part of the events alleged in this Complaint giving rise to Plaintiff's claims, including the dissemination of the false and misleading advertising alleged herein, occurred in and were directed from this District.

## FACTS

10.    The games at issue are a series of online games developed and published by Square Enix.

11.    Defendants engaged in various levels of deceptive advertising, unfair business practices, and fraudulent concealment with respect to the online games at the point of purchase. The deceptive advertising, unfair and undisclosed business practices, and concealment concern, *among others*:

    i.   Licensing of the online games software disguised as a sale;

    ii.  Monthly fees ("fees") to play the online games;

    iii. Penalties for late payment of the fees;

    iv.  Interest charges for late payment of the fees;

    v.   Charges while the online game account is suspended;

    vi.  Termination of the right to use the online games for late payment of the fees;

    vii. User restrictions and conditions related to the online games;

    viii. Termination of game data for late payment of the fees.

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and the following Class:

> All persons who purchased or played the online games four years prior to the filing of this lawsuit to the present.  Expressly

excluded from the Class are Defendants and their subsidiaries, affiliates, officers, directors, and employees.

13.   Certification of the Class is appropriate pursuant to Fed. R. Civ. Proc. 23(a). The potential number of Class members as defined is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of Class Members is unknown to at this time, however, it is estimated that the Class will number greater than 100,000. The identity of such membership can readily be ascertained from Defendants' online game database.

14.   Plaintiff alleges that two methods of notice to the proposed class will be contemplated for purposes of this litigation: (1) A notice can be made available for viewing online at the website where the online games are played; or (2) A notice can be delivered via direct email to Class Members' email addresses obtained from Defendants' online game database.

15.   There are common questions of law and fact, among others, including:

   a)   Whether Defendants engaged in materially deceptive, untrue or misleading advertising in the sale and offer to sell the online games;

   b)   Whether Defendants concealed or omitted to state material facts to the Class in their advertising, marketing, and sale of the online games;

   c)   Whether Defendants knew, or by the exercise of reasonable care should have known, that the aforementioned concealment and omission had the capacity or tendency to confuse and mislead;

   d)   Whether Defendants intentionally concealed or omitted to state material facts to the Class regarding the nature of the transaction that resulted in the sale of the online games;

   e)   Whether Defendants represented that the sale of the online games confers or involves rights, remedies, or obligations which it

does not have or involve;

f)    Whether, by the misconduct as set forth in this Complaint, Defendants engaged in unfair and unlawful business practice with respect to the advertising, marketing, and sale of the online games in violation of California Business & Professions Code §§ 17200, et seq.;

g)    Whether, by the misconduct as set forth in this Complaint, Defendants engaged in unfair, deceptive, untrue or misleading advertising in violation of California Business & Professions Code §§ 17500, *et seq.*;

h)    Whether, by the misconduct as set forth in this Complaint, Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices intended to result in the sale of goods to consumers in violation of California Civil Code § 1750;

i)    Whether, as a result of Defendants' misconduct as alleged in this Complaint, Plaintiff and the Class are entitled to damages, restitution, equitable relief, and other relief, and the amount and nature of such relief;

j)    Whether Defendants have acted on grounds generally applicable to the Class, making injunctive relief appropriate;

k)    Whether a Class can be certified pursuant to Fed. R. Civ. Proc. 23(b)(3); and

l)    Whether alternatively, a Class can be certified pursuant to Fed. R. Civ. Proc. 23(b)(2).

16.    Plaintiff's claims are typical of the claims of the Class, because Plaintiff and all members of the Class were injured economically by the same wrongful practices and conduct of Defendants as described in this Complaint.

Plaintiff's claims arise from the same practices and conduct that gave rise to the claims of the Class members, and are based on the same legal theories. The only difference between Plaintiff and the individual members of the Class could be the amount of damages sustained, which is an amount that can be readily determined, and does not bar or in any way impair class certification.

17.   Plaintiff will fairly and adequately represent the interests of the members of the Class. Plaintiff's interests are the same as, and not in conflict with, the other members of the Class. Plaintiff's counsel is experienced in class action and complex litigation.

18.   Questions of law or fact common to the members of the Class predominate and a class action is superior to individual cases for the fair and efficient adjudication of the issues presented in this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. The individual damages incurred by each Class member resulting from Defendants' conduct are too small to warrant the expense of individual suits. The likelihood of individual members of the Class prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual suits would also present the potential for inconsistent or contradictory judgments and rulings, and would underscore the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action and certification of the Class under Rule 23(b)(3) is proper.

19.   Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final

injunctive relief or corresponding declaratory relief with regard to members of each

Class as a whole and certification of the Class under Rule 23(b)(2) is proper.

## COUNT I

### For Violation of the Unfair Competition Law, Bus. & Prof. Code § 17200

20.     Plaintiff repeats and realleges the allegations set forth above as if fully

contained herein.

21.     Defendants have engaged in unfair, unlawful, and fraudulent business

practices as described in this Complaint, including, but not limited to, disseminating

or causing to be disseminated from the State of California, unfair, deceptive, untrue

or misleading advertising as set forth in this Complaint.

22.     By engaging in the above-described unfair and undisclosed business

practices, Defendants committed one or more acts of unfair competition within the

meaning of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.

23.     Defendants' acts and practices have deceived and are likely to continue

to deceive members of the Class and impact the public interest.  The material false

advertising, undisclosed business practices, and concealment described in this

Complaint are substantial and were directed to all members of the Class with the

purpose and intent of inducing members of the Class to purchase and play the

online game.

24.     Plaintiff and all members of the Class have suffered and continue to

suffer injury as a direct result of Defendants' unfair and undisclosed business

practices towards consumers.

25.     Plaintiff, on behalf of herself and on behalf of the Class, seeks an order

of this Court against Defendants awarding restitution, disgorgement, injunctive

relief and all other relief allowed under § 17200, et seq. plus interest, attorney's fees

and costs pursuant to, inter alia, Cal. Code of Civ. Proc. § 1021.5.

//

## COUNT II

### For Violation of False Advertising Law, Bus. & Prof. Code § 17500 et seq.

26. Plaintiff repeats and realleges the allegations set forth above as if fully contained herein.

27. Defendants are disseminating advertising from California throughout the United States and beyond. Defendants disseminated or caused to be disseminated the materially untrue and misleading advertising, knowingly engaged in undisclosed business practices, and/or knowingly omitted or concealed the material information from advertising described in this Complaint with the intent to directly or indirectly induce Plaintiff and other members of the Class to purchase and play the online games.

28. The advertising in question concealed or omitted information as set forth the above.

29. When Defendants disseminated the advertising described herein, they concealed or omitted to certain critical information about the online games and their business practices with respect to the online games in violation of the Fair Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq.

30. Plaintiff, on behalf of herself and on behalf of the Class, seeks restitution, disgorgement, injunctive relief, and all other relief allowable under § 17500, et seq.

## COUNT III

### For Unjust Enrichment Against Defendants Based on Violations Alleged in Counts I and II

31. Plaintiff repeats and realleges the allegations set forth above as if fully contained herein.

32. As a direct and proximate result of the misconduct and unfair and

undisclosed business practices set forth above, Defendants have been unjustly enriched.

33.     Through false advertising, unfair and undisclosed business practices, and fraudulent concealment in connection with the advertising, marketing, promotion and sale of the online games, Defendants reaped benefits which resulted in their wrongful receipt of revenues. Accordingly, Defendants will be unjustly enriched unless ordered to disgorge those revenues for the benefit of Plaintiff and the Class.

## PRAYER FOR RELIEF

1.     That this matter be certified as a class action with the Class defined as set forth above under Fed. R. Civ. P. 23(b)(3), or in the alternative, Fed. R. Civ. P. 23(b)(2), and that the Plaintiff be appointed Class Representative, and her attorneys be appointed as Class Counsel.

2.     That the Court enter an order requiring Defendants to immediately cease the wrongful conduct as set forth above; enjoining Defendants from continuing to falsely advertise or conceal material information about the online games; enjoining Defendants from engaging in the unfair and undisclosed business practices; and ordering Defendants to engage in a corrective notice campaign;

3.     That judgment be entered against Defendants in an amount underdetermined for unjust enrichment, including disgorgement of profits received by Defendants as  a result of said purchases, appropriate equitable relief, attorney's fees and costs of suit;

4.     That judgment be entered against Defendants for damages, statutory damages, punitive damages, costs of suit, attorney's fees and injunction; and

5.     For  prejudgment and post-judgment interest;

//

//

6.   For such other relief as the Court deem just and proper.

Dated:  June 18, 2009                    MAKAREM & ASSOCIATES, APC

By: _____
    Ronald W. Makarem, Esq.
    Marni B. Folinsky, Esq.

                                        MICHAEL H. KIM, P.C.

By: _____
    Michael H. Kim, Esq.

MAKAREM & ASSOCIATES, APLC
Ronald W. Makarem, Esq. (SB #180442)
Marni B. Folinsky, Esq. (SB #209880)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California  90025-1760
Phone: (310) 312-0299/Fax: (310) 312-0296

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER LEONG, individually and on behalf of all others similarly situated<br><br>PLAINTIFF(S)<br><br>v.<br><br>SQUARE ENIX OF AMERICA HOLDINGS, INC., a Delaware corporation; SQUARE ENIX, INC., a Washington corporation, DOES 1-10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-04484** PSG VBK<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  SQUARE ENIX OF AMERICA HOLDINGS, INC., SQUARE ENIX, INC, et al.

    A lawsuit has been filed against you.

    Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Makarem & Associates_____, whose address is 11601 Wilshire Blvd., Suite 2440 Los Angeles, CA 90025_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  JUN 2 2 2009

By: _____ LARRY HORN
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1192

CV-01A (12/07)                                          **SUMMONS**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>ESTHER LEONG, individually and on behalf of all others similarly situated | DEFENDANTS<br>SQUARE ENIX OF AMERICA HOLDINGS, INC., a Delaware corporation;<br>SQUARE ENIX, INC., a Washington corporation, DOES 1-10 |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>MAKAREM & ASSOCIATES, APLC, 11601 Wilshire Blvd., Ste. 2440, Los Angeles, CA 90025, (310) 312-0299; MICHAEL H. KIM, P.C., 3699 Wilshire Blvd.,Ste 860, Los Angeles, CA 90010, (213) 639-2900 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No   ☑ MONEY DEMANDED IN COMPLAINT: $ excess $5 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(a) and 1332(d), 28 U.S.C. § 1367(a) -- violation of unfair competition & false advertising laws

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV09-04484**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s) _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s) _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Francisco County |

(b) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The principal place of business for SQUARE ENIX OF AMERICA HOLDINGS, INC. and SQUARE ENIX, INC is within Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____  Date  6/18/09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV09- 4484 PSG (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

**[X] Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

**[ ] Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

**[ ] Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.