1  JOEL D. SIEGEL (State Bar No. 155581)
   E-mail:  jsiegel@sonnenschein.com
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   601 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017-5704
   Telephone:  (213) 623-9300
4  Facsimile:  (213) 623-9924

5  CHRISTIAN S. GENETSKI (*Pro Hac Vice* Admitted)
   Email:  cgenetski@sonnenschein.com
6  SONNENSCHEIN NATH & ROSENTHAL LLP
   1301 K Street, N.W., Suite 600
7  Washington, DC 20005
   Telephone:  (202) 408-6400
8  Facsimile:  (202) 408-6399

9  Attorneys for Defendants
   Square Enix of America Holdings,
10 Inc. and Square Enix, Inc.

11

12

13                UNITED STATES DISTRICT COURT

14                CENTRAL DISTRICT OF CALIFORNIA

15

16  ESTHER LEONG, individually and          No. CV09-04484 PSG (VBKx)
    on behalf of all others similarly
17  situated,                               SUPPLEMENTAL BRIEF IN
                                            SUPPORT OF MOTION TO
18            Plaintiff,                     DISMISS FIRST AMENDED
                                            COMPLAINT BY DEFENDANTS
19       vs.                                SQUARE ENIX OF AMERICA
                                            HOLDINGS, INC. AND SQUARE
20  SQUARE ENIX OF AMERICA                   ENIX, INC.
    HOLDINGS, INC., a Delaware
21  corporation; SQUARE ENIX, INC., a
    Washington corporation, DOES 1-10,
22
              Defendants.
23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

## TABLE OF CONTENTS

2

**Page**

3

I.  INTRODUCTION ...................................................................................... 1

4

II.  ARGUMENT ............................................................................................ 2

5

6

    A.  Plaintiff Suffered No Injury in Fact, Much Less One Fairly Traceable to Square Enix's Conduct, from Her Voluntary Decision to Play the Game Subject to the POL-MA .......................... 2

7

8

    B.  Because This Court Has No Subject Matter Jurisdiction, The Action *Must* Be Dismissed Immediately With Prejudice. .......... 4

III.  CONCLUSION .......................................................................................... 7

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- i -

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

*Arbaugh v. Y&H Corp.*
        546 U.S. 500 (2006)........................................................................................4

4

*B.C. v. Plumas Unified School Dist.*
        192 F.3d 1260 (9th Cir. 1999) ......................................................................4

5

6

*Evans v. Chase Manhattan Bank USA, N.A.*
        2006 WL 213740 (N.D. Cal. Jan. 27, 2006)..................................................3

7

*Foster v. Center Township of LaPorte County*
        798 F.2d 237 (7th Cir. 1986) ........................................................................5

8

9

*Havens Realty Corp. v. Coleman*,
        455 U.S. 363 (1982)......................................................................................2

10

*Lans v. Digital Equip. Corp.*
        252 F.3d 1320 (Fed. Cir. 2001) ....................................................................6

11

12

*Lans v. Gateway 2000, Inc.*
        84 F. Supp. 2d 112 (D.D.C. 1999)................................................................6

13

*Lidie v. State of California*
        478 F.2d 552 (9th Cir. 1973) ........................................................................5

14

*Lierboe v. State Farm Mut. Auto. Ins.*
        350 F.3d 1018 (9th Cir. 2003) ...................................................................4, 5

15

16

*Lujan v. Defenders of Wildlife*
        504 U.S. 555 (1992)......................................................................................2

17

*Pressroom Unions-Printers League Income Sec. Fund v. Continental
        Assurance Co.*
        700 F.2d 889 (2nd Cir. 1983) .......................................................................6

18

19

*SF/PBS, Inc. v. City of Dallas*
        493 U.S. 215 (1990)......................................................................................4

20

21

*Simon v. E. Ky. Welfare Rights Org.*,
        426 U.S. 26 (1976)........................................................................................4

22

*Summit Office Park, Inc. v. United States Steel Corp.*
        639 F.2d 1278 (5th Cir. 1981) ......................................................................6

23

24

*Zapien v. Wash. Mut., Inc.*
        2008 U.S. Dist. LEXIS 67137 (S.D. Cal. June 17, 2008) ...........................5

25

*Zurich Ins. Co. v. Logitrans, Inc.*
        297 F.3d 528 (6th Cir. 2002) ........................................................................6

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Case No. CV09-04484 PSG (VBKx)                         SUPPLEMENTAL BRIEF
                                        IN SUPPORT OF MOTION TO DISMISS

1

**STATE CASES**

*Hall v. Time, Inc.*
      158 Cal. App. 4th 847 (2008) .......................................................................2

*Peterson v. Cellco P'ship*,
      164 Cal. App. 4th 1583 (2008) .....................................................................2

**STATE STATUTES**

Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210 ......................2

False Advertising Law, Cal. Bus. & Prof. Code §§ 17500-17509 ........................2

**OTHER AUTHORITIES**

California Proposition 64 (2004) ...........................................................................2

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Case No. CV09-04484 PSG (VBKx)

SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## I.    INTRODUCTION

In defiance of long-standing federal precedent, plaintiff Esther Leong seeks to pursue an action against Square Enix for alleged injuries that she did not suffer, and which Square Enix could not have caused.  She lacks standing to do so. As a result, this Court lacks subject matter jurisdiction and her First Amended Complaint ("FAC") must be dismissed with prejudice and without any further proceedings.

Leong purports to represent a class injured by Square Enix's alleged deception regarding the subscription fee payment and data retention aspects of its computer game Final Fantasy® XI Online.  As this Court recognized during the September 28, 2009 hearing on the present motion, however, the FAC makes plain that all of the alleged "harms" about which Leong now complains concern aspects of the game disclosed to her in 2005 prior to her commencing her initial subscription.  Her subsequent voluntary decisions to play the game, pay monthly subscription fees for two years, and purchase a second copy of the game in 2009 all occurred *after* she was fully informed of, and consented to, the PlayOnline® Member Agreement ("POL-MA").  In short, Leong cannot claim to have been injured by Square Enix's alleged deception when she was not in fact deceived.

The lack of deception forecloses this action.  Well established federal law forecloses plaintiff's counsel's suggestion at the aforementioned hearing that they be granted discovery or leave to search for a suitable plaintiff to match to their questionable theory of liability.[1]  In fact, Leong's lack of standing deprives this Court of jurisdiction and forecloses *any* further proceedings.  The Court could not

---

[1]  Although Square Enix limits this brief to the standing issues identified by the Court, it notes that Plaintiff failed to demonstrate in her opposition how Square Enix's practices regarding the sale and operation of Final Fantasy® XI Online could constitute an unfair or deceptive practice as to *any* purchaser of the game given the disclosures in the POL-MA.

- 1 -

1   permit a new named plaintiff to intervene if plaintiff's counsel had an allegedly

2   viable substitute at the ready, much less entertain a wasteful fishing expedition by

3   aspiring class counsel for a hypothetical candidate.  Federal law, the only

4   applicable precedent on Article III jurisdiction, makes clear that because Leong is

5   the only named plaintiff in this action, her lack of standing compels immediate

6   dismissal with prejudice.

7   **II.    ARGUMENT**

8         **A.    Plaintiff Suffered No Injury in Fact, Much Less One Fairly
    Traceable to Square Enix's Conduct, from Her Voluntary**

9              **Decision to Play the Game Subject to the POL-MA.**

10        Article III of the United States Constitution requires a plaintiff in federal

11  courts to show, at a minimum, "injury in fact" — in other words, the plaintiff must

12  show that "as a result of the defendant's actions he [or she] has suffered 'a distinct

13  and palpable injury.'"  *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982)

14  (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).  The requisite injury is

15  defined as "an invasion of a legally protected interest which is (a) concrete and

16  particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*

17  *v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted) (internal

18  quotation marks omitted).  Here, Leong alternatively claims she suffered "injury"

19  in the form of her payment of monthly subscription fees,[2] the expense of her

20  second purchase of the game software, and her alleged inability to recover former

21  game characters associated with a game account she terminated.  (FAC, ¶¶21, 23.)

22  The FAC and Leong's Opposition brief make clear, however, that she cannot

23  allege that any such "injury" is fairly traceable to any Square Enix conduct.[3]

24

25  [2]  Leong appears to abandon her claim that payment of fees is part of her action in her
    Opposition.  (*See* Opp. at 9:25-28.)

26

27  [3]  Although the Court did not request the parties to brief standing under California law, it is clear
    that Leong also fails to meet the statutory standing requirements under the UCL and FAL, which

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 2 -

1    First, Leong cannot plausibly assert that she suffered harm by spending the

2 money that she concedes enabled her two years of active online game play.  She

3 got what she paid for.  Nor has Leong offered any support for the notion that the

4 alleged inability to restore computer game characters from a player account that

5 has been dormant for two years is a "distinct and palpable injury" sufficient to

6 confer Article III standing.

7    Even if these claimed "harms" could amount to injury in fact, it is clear that

8 they are not fairly traceable to any "deception" by Square Enix as required by

9 Article III.  Before Leong ever played the online game in 2005, she read and

10 consented to the terms of the POL-MA.  (FAC, ¶¶ 10, 21-22.)  That contract

11 disclosed that payment of monthly fees afforded Leong only the use and

12 enjoyment of the online game, and that Square Enix retained all ownership rights

13 in the character and game data.  (Ex. A to Square Enix Motion to Dismiss at 2.)

14 Thus, Leong was fully aware of all game terms and limitations in 2005.  (FAC,

15 ¶ 22.)  All of her claimed "injuries" occurred *after* this awareness, and flow from

16 Leong's own informed choices.  Leong's decision to incur fees and purchase a

17 second copy of the game were made with full knowledge of the game's terms, and

18 she cannot fairly claim they resulted from Square Enix's failure to print those

19 terms on the game packaging.  *Evans v. Chase Manhattan Bank USA, N.A.*, 2006

20 WL 213740, at *6 (N.D. Cal. Jan. 27, 2006) (actions consistent with the "fully-

21

---

require that a "plaintiff must make a twofold showing:  he or she must demonstrate *injury in fact*
and a loss of money or property *caused by*" the alleged unfair conduct.  *Peterson v. Cellco
P'ship*, 164 Cal. App. 4th 1583, 1590 (2008).  These standing requirements are a product of
California's Proposition 64, which voters passed "unequivocally to narrow the category of
persons who could sue businesses under the UCL" to prevent abusive, frivolous lawsuits filed by
attorneys lacking a client who was actually injured.  *Hall v. Time, Inc.*, 158 Cal. App. 4th 847,
853, 854 (2008).  The present action — in which counsel has conjured a theory but failed to
identify a plaintiff who was actually impacted by the hypothetical claim — is precisely the type
of action that Proposition 64 is intended to prevent.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 3 -

disclosed terms of the contract . . . cannot plausibly be labeled a deception"), *aff'd*, 267 Fed. Appx. 692 (9th Cir. 2008).

In short, the FAC is grounded on the theory that consumers were allegedly deceived by game packaging.  Leong, however, admittedly reviewed and consented to all the terms the FAC posits should be on the packaging before ever being subjected to them.  She has suffered no injury traceable to Square Enix, and has no standing.[4]

## B.   Because This Court Has No Subject Matter Jurisdiction, The Action *Must* Be Dismissed Immediately With Prejudice.

Standing to sue in any Article III court is, of course, a federal question. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985).  Moreover, it is axiomatic that a federal court does not have subject matter jurisdiction over an action asserted by a party that lacks Article III standing.  *SF/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230 (1990) (Article III standing "is perhaps the most important of [the jurisdictional) doctrines"); *B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) (holding that federal courts are required to examine jurisdictional issues, even *sua sponte* if necessary).  It is similarly well established that a plaintiff may not seek relief for any putative class member unless she has standing to bring suit individually on her own behalf.  *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (quoting *Warth*, 422 U.S. at 502) ("that a suit may be a class action adds nothing to the question of standing, for even Named Plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other

---

[4]  Leong also fails to allege any facts regarding an attempt to recover the account or to request help in doing so from Square Enix, nor any denial of such a request by Square Enix.  Thus, even absent all the contractual disclosures, Leong's allegations fail to show a plausible factual basis from which to infer that Square Enix "caused" the alleged loss of game data.

- 4 -

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   unidentified members of the class to which they belong and which they purport to

2   represent.'"").

3        Established United States Supreme Court and Ninth Circuit precedent,

4   as well as the Federal Rules of Civil Procedure, all require that where the named

5   plaintiff lacks standing to sue, the putative class action ***must*** be dismissed.

6   *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court

7   concludes that it lacks subject-matter jurisdiction, the court ***must*** dismiss the

8   complaint in its entirety.") (emphasis added); *Lierboe v. State Farm Mut. Auto.*

9   *Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (requiring dismissal of action

10  "where the sole named plaintiff never had standing . . . and where she never was a

11  member of the class she was named to represent") (internal citations omitted); Fed.

12  R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise

13  that the court lacks jurisdiction of the subject matter, the court ***shall*** dismiss the

14  action.") (emphasis added).

15       Moreover, where, as here, the named plaintiff lacks standing to sue at the

16  outset of the case, plaintiff's counsel may not seek to remedy the defect by

17  searching for or substituting a new plaintiff with standing.  *Lierboe*, 350 F.3d at

18  1023 (9th Cir. 2003); *Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir.

19  1973) ("where the original plaintiffs were never qualified to represent the class, a

20  motion to intervene represents a back-door attempt to begin the action anew, and

21  need not be granted").[5]  In *Lierboe*, the district court initially certified a class, but

---

23  [5]  Once the named plaintiff's lack of standing is established, dismissal *with prejudice* is
    proper. *See, e.g., In re Exodus Communs., Inc. Secs. Litig.*, 2006 U.S. Dist. LEXIS 60735, *4

24  (N.D. Cal. Aug. 14, 2006) (dismissing with prejudice and stating "where the named plaintiffs in
    a class action lack standing, the action must be dismissed and new named plaintiffs with

25  standing may not intervene. . . . Put another way, intervention will not be permitted to breathe
    life into a nonexistent lawsuit."); *Zapien v. Wash. Mut., Inc.*, 2008 U.S. Dist. LEXIS 67137, *9

26  (S.D. Cal. June 17, 2008) (dismissing with prejudice and noting that "[w]hen the sole named
    plaintiff in a class action lawsuit lacks standing, intervention or substitution of another named

27  plaintiff is not permissible, and the court must dismiss the claim.")

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 5 -

1   subsequently determined that the named plaintiff did not have a valid claim from

2   the outset of the litigation.  The Ninth Circuit followed the Seventh Circuit's

3   approach in an analogous case, *Foster v. Center Township of LaPorte County*, 798

4   F.2d 237, 244-45 (7th Cir. 1986), which held that where the sole named plaintiff

5   "never had standing" to challenge a township's poor-relief eligibility guidelines,

6   and where "she never was a member of the class she was named to represent,"

7   the case must be remanded with instructions to dismiss.  *Lierboe*, 350 F.3d at

8   1023.  These cases reflect the long standing requirement that "[t]o survive a

9   Rule 12(b)(6) motion to dismiss, [a plaintiff] must allege facts in his Amended

10  Complaint that, if proven, would confer standing upon him."  *Sacks v. Office of*

11  *Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006).

12          The cases applying this fundamental rule are legion.  *See Zurich Ins. Co. v.*

13  *Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) ("Whereas [plaintiff] admittedly

14  has not suffered injury in fact by the defendants, it had no standing to bring this

15  action and no standing to make a motion to substitute the real party in interest.");

16  *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1325 (Fed. Cir. 2001) ("[plaintiff]

17  could not amend the complaint to create standing because, without standing, there

18  was no action to amend"; affirming dismissal of complaint for lack of subject

19  matter jurisdiction because plaintiff lacked standing); *Pressroom Unions-Printers*

20  *League Income Sec. Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d

21  Cir. 1983) ("The longstanding and clear rule is that 'if jurisdiction is lacking at the

22  commencement of a suit, it cannot be aided by the intervention of a plaintiff with a

23  sufficient claim.'") (citation omitted); *Summit Office Park, Inc. v. United States*

24  *Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981) ("where a plaintiff never had

25  standing to assert a claim against the defendants, it does not have standing to

26  amend the complaint and control the litigation by substituting new plaintiffs");

27  *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 115-17 (D.D.C. 1999)

28  ("[A] plaintiff may not amend the complaint to substitute a new plaintiff in order

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 6 -

SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION TO DISMISS

1    to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by

2    amendment when none exists. . . .  [I]f a plaintiff lacks standing to be before the

3    court from the time of the filing of the original complaint, there is no action for

4    him to amend, since the court is deprived of subject matter jurisdiction over the

5    entire matter.") (quotations omitted).

6           In sum, Leong's inability to allege injury traceable to Square Enix's conduct

7    deprives her of Article III standing, and this Court of subject matter jurisdiction.

8    As such, controlling authority requires that this Court dismiss the FAC without

9    further proceedings and without leave to amend.

10   **III.    CONCLUSION**

11          Given multiple opportunities, plaintiff's counsel have failed to meet their

12   threshold obligation to produce a viable plaintiff.  Square Enix respectfully

13   requests that this Court dismiss Leong's FAC in its entirety with prejudice.

                                   Respectfully submitted,

14

15   Dated:  October 15, 2009        SONNENSCHEIN NATH & ROSENTHAL LLP
                                      JOEL D. SIEGEL
16                                    CHRISTIAN S. GENETSKI

17

18

19   By _____/S/_____
                                          Joel D. Siegel

20   Attorneys for Defendants
     Square Enix of America Holdings, Inc. and
21   Square Enix, Inc.

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 7 -