1  Michael H. Kim, Esq. (State Bar No. 200792)
2  **MICHAEL H. KIM, P.C.**
    3699 Wilshire Boulevard, Suite 860
3  Los Angeles, California 90010
    Telephone: (213) 639-2900
4  Facsimile: (213) 639-2909
5  Email: mkim@mhklawyers.com

6
    **MAKAREM & ASSOCIATES, APLC**
7  Ronald W. Makarem, Esq. (State Bar No. 180442)
    Marni B. Folinsky, Esq. (State Bar No. 209880)
8  11601 Wilshire Boulevard, Suite 2440
9  Los Angeles, California 90025-1760
    Phone: (310) 312-0299
10 Facsimile: (310) 312-0296
11 Email: makarem@law-rm.com
    Email: folinsky@law-rm.com
12

13 Attorneys for Plaintiff
    ESTHER LEONG
14

15                  **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17

18 | ESTHER LEONG, individually and on behalf of all others similarly situated, | Case No. CV 09-4484 PSG (VBKx) |
| --- | --- |
19 | | **PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING ARTICLE III STANDING** |
20 | Plaintiff, | |
21 | | |
22 | v. | |
23 | SQUARE ENIX OF AMERICA HOLDINGS, INC., a Delaware corporation; SQUARE ENIX, INC., a Washington corporation, | |
24 | | |
25 | | |
26 | Defendants. | |
27

28 Makarem & Associates                        - 1 -

1

**I.      Introduction.**

2

The only argument made by Defendant to dismiss this case is that Leong

3

cannot claim to have been injured by Square Enix's deception because she allegedly

4

decided to play the game, pay monthly subscription fees for two years, and purchase

5

a second copy of the game in 2009 *after* she was fully informed of, and consented to,

6

the PlayOnline® Member Agreement ("POL-MA").   This argument fails on several

7

grounds.

8

**II.     The POL-MA Does Not Disclose Forfeiture for Failing to Pay**

9

**Subscription Fees For More Than 3 Months.**

10

Square Enix's argument overlooks a critical fact: the POL-MA, which is

11

attached to the declaration of Square Enix's own in-house counsel, fails to state that

12

any failure to keep up the member subscription would result in the forfeiture of the

13

game software, game character and game data.  In other words, the POL-MA fails to

14

disclose that the user will have to purchase a new game if their subscription lapses

15

for more than 3 months.  Even assuming *arguendo* Plaintiff and all members of the

16

Class had read and consented to the POL-MA as the Defendant argues, Plaintiff and

17

the Class could not have known about and consented to the forfeiture and penalty

18

provisions because they do not appear on the POL-MA.  By Defendant's own

19

admission, Defendant deceived Plaintiff and the Class by failing to clearly spell out

20

the forfeiture/ penalty provisions in the POL-MA.  The only conclusion that can be

21

drawn from the POL-MA is that Plaintiff and all members of the Class were in fact

22

deceived and subsequently purchased and played the game and paid monthly fees

23

NOT knowing about the forfeiture/ penalty provisions.

24

**III.    Square Enix's Penalty and Forfeiture Provisions Are Unlawful and**

25

**Unfair.**

26

Defendant Square Enix fails to understand that this case is more than just

27

about its deceptive conduct in concealing the penalty/ forfeiture provisions from its

28

Makarem & Associates                           - 2 -

1    users. This case is also about the legality and fairness of the penalty/forfeiture

2    provisions under the "unlawful and unfair" prong of the Unfair Competition Law.

3    As more clearly stated in the Supplemental Brief,  Square Enix's practice of forcing

4    users to forfeit their game software, game characters, and game data for failing to

5    maintain their member accounts is illegal and unfair under UCL.  This case is

6    analogous to cases challenging cell phone companies' practice of charging

7    consumers a fee for ending their cell phone contract early.

8         Even if Square Enix had fully disclosed the penalty/ forfeiture provisions in

9    the POL-MA, Plaintiff has standing to challenge and invalidate those provisions

10   under California's Unfair Competition Law.  The fact remains Square Enix

11   manipulates the users into paying the monthly fees regardless of whether they want

12   to play the game that month because failure to pay the monthly fee causes users to

13   incur penalties and potential forfeiture of the game software if the monthly fees are

14   not paid for more than 3 months.  The monthly fees charged by Square Enix are

15   unlawful and unfair because it is structured such that users are forced to pay the fees

16   even if they want to take a break from the game because they do not want to lose

17   their game software, game characters and game data . As the Court in <u>Garrett v.</u>

18   <u>Coast & Southern Fed. Sav. & Loan Assn.,</u> 9 Cal.3d 731, 739 (1973) held an illegal

19   "penalty provision operates to compel performance of an act and usually becomes

20   effective only in the event of default  upon which a forfeiture is compelled without

21   regard to the actual damages sustained by the party aggrieved by the breach." This is

22   the exact function of Square Enix's forfeiture provision—it operates to compel the

23   game users to keep their accounts current and continuously pay their subscription

24   fees to avoid penalties and forfeiture.

25   **IV.   Leong Suffered Injury-In-Fact.**

26        Plaintiff has clearly articulated what her damages are.  She has suffered

27   "injury" in the form of the expense of her purchase of the game back in 2005, the

28   Makarem & Associates                        - 3 -

PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL BRIEF
REGARDING ARTICLE III STANDING

loss of her game software (property) in 2007 as a penalty for failing to keep her account current, the expense of buying game characters, and the subsequent loss of her game characters as a penalty for failing to keep her account current. She has suffered "injury" in the form of her payment of monthly fees required as part of the forfeiture provision. She has suffered "injury" in the form of the loss of her game data in which she has intellectual property interest resulting from her efforts to create the data at her own expense. These are all tangible and recoverable losses that are directly traceable to: (1) the unfair and illegal forfeiture provisions of the POL-MA and (2) Square Enix's efforts to conceal the information from the users.

Defendant Square Enix again tries to confuse this Court by arguing that these losses "occurred *after* [her] awareness [of the POL-MA] and flow from Leong's own informed choices." The problem is the POL-MA does not disclose any information about the forfeiture of the game software, game character and game data, and hence she could not have made "informed" choices by reading the POL-MA.

**V.    Leong Did Not Purchase The Game a Second Time To Play.**

Leong's purchase of the second copy of the game is adequately explained by her declaration. She bought the second copy to investigate the merits of the claims, not to play. This fact makes her purchase of the second copy an irrelevant issue and cannot support the idea that her decision to incur fees and purchase the original game was made with full knowledge of the terms.

Further, any analysis of Leong's reliance on Square Enix's wrongful conduct would require a factual analysis. See <u>City Solutions, Inc. v. Clear Channel Communications,</u> 365 F.3d 835 (9th Cir. 2004). Resolving questions of fact in ruling on a Rule 12(b)(6) motion is inappropriate especially since all reasonable inferences are drawn in the light most favorable to the plaintiff. Leong's lack of Article III standing cannot be logically deduced from the fact of her second purchase alone.

Makarem & Associates                                    - 4 -

PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL BRIEF
REGARDING ARTICLE III STANDING

1  And Leong's second purchase of the game does not destroy the injury-in-fact that

2  suffered from her initial purchase of the game.

3  **VI.    Conclusion.**

4          Based on the foregoing, Leong has standing to bring this lawsuit against

5  Square Enix.

6  Dated: October 15, 2009                  MAKAREM & ASSOCIATES, APLC

7

8                                           By:_____

9                                               MARNI B. FOLINSKY
                                                 Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Makarem & Associates                      - 5 -

PROOF OF SERVICE
(Code of Civil Procedure §1013A(d))

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 11601 Wilshire Boulevard, Suite 2440, Los Angeles, CA 90025-1740. On October 22, 2009, I caused the foregoing document described as:

Plaintiff's Reply to Defendants' Supplemental Brief Regarding Article III Standing

Said document was served on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Joel D. Siegel, Esq.                      Christian S. Genetski, Esq.
Sonnenschein Nath & Rosenthal LLP         Sonnenschein Nath & Rosenthal LLP
601 South Figueroa Street                 1301 K Street, N.W. Suite 600 East Tower
Suite 2500                                Washington DC, 20005-3364
Los Angeles, California 90017-5704        Facsimile: 213-623-9924
Facsimile: 202-408-6399

**xx** BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this business' practice for collection and processing of mail and that on the same day, and in the ordinary course of business, said mail is deposited in the United States Mail with postage thereon fully prepaid at Los Angeles, California. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit/proof of service.

___ PERSONAL SERVICE: I delivered said envelope by hand to the offices of the addressee(s).

___ VIA FACSIMILE: On to the interested parties above-designated at the fax numbers noted above.

___ VIA OVERNIGHT DELIVERY: I placed such envelope for regularly scheduled pickup at our offices on the date of this declaration by our usual overnight delivery service.

__xx___ (Federal) I declare that I am employed in the offices of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 15, 2009, at Los Angeles, California.

Stefani McDowell

Printed on Recycled Paper