O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16

CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | January 20, 2010 |
|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Dismissing Plaintiff's First Amended Complaint**

Pending before the Court is a Motion to Dismiss First Amended Complaint filed by Defendants Square Enix of America Holdings, Inc. and Square Enix, Inc.  A hearing on the motion was held on September 28, 2009.  On October 1, 2009, the Court requested supplemental briefing on the issue of Plaintiff Esther Leong's standing.  After considering the moving and opposing papers, arguments presented at the hearing, and the supplemental briefs, the Court DISMISSES Plaintiff's First Amended Complaint with leave to amend.

I.     Background

This case concerns the standing of a plaintiff who claims that the undisclosed terms of an online game contract were material when she purchased the game, even though the plaintiff allegedly repurchased the game after discovering the true nature of the agreement.  Defendants Square Enix of America Holdings, Inc. and Square Enix, Inc. (collectively, "Defendants") developed and distribute the online role-playing game *Final Fantasy XI Online* ("the game"). Players of the game create online characters to explore the game's virtual world, complete quests, gather items, and develop their characters.  As with similar online games, the game has a physical and a virtual component.  Players must first purchase a physical copy of the game software and create a PlayOnline Account ("online account") before they can begin their virtual adventures.  *See First Amended Complaint ("FAC")* ¶ 18.

The game is sold in boxes that allegedly fail to disclose several material terms of the PlayOnline Member Agreement ("user agreement").  *See id.* ¶ 19(a).  In particular, Defendants allegedly fail to specify the following terms and conditions:

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4484 PSG (VBKx) | Date | January 20, 2010 |
|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

(1) Defendants retain absolute control and ownership over the game data;

(2) users are required to pay a monthly subscription fee to play;

(3) the subscription fee must be paid each month regardless of whether the user is actually playing the game;

(4) failure to pay the subscription fee will result in the suspension of the account with late fees and without notice;

(5) failure to pay the subscription fees for more than three months will result in the termination of the online game account and permanent deletion of the user's in-game characters;

(6) users who wish to resume playing after termination of the online game account must purchase a new copy of the software; and

(7) Defendants reserve the right to block access to their online website for system maintenance, which can result in some users being unable to pay the subscription fees.

*See id.* ¶¶ 2, 19.  Defendants allegedly concealed these terms in order to "induce Plaintiff and other members of the Class to purchase and play the game." *See id.* ¶ 39; *see also id.* ¶ 35 (noting the materiality of the alleged false advertising).  Customers who purchase the game are unable to return the software after opening the box if they disagree with the terms and conditions of the user agreement.  *See id.* ¶ 3.

In 2005, Plaintiff Esther Leong ("Plaintiff") purchased a copy of the game and created an online account.  Plaintiff continued to pay the subscription fee each month until she stopped playing the game in August 2007.  When Plaintiff tried to resume playing in 2009, however, she discovered that her user account had been terminated and that she had "lost all characters she had developed, the game data she had acquired, and the game levels advanced up to that point." *Id.* ¶ 23.  After suffering these losses and discovering the previously undisclosed terms and conditions of the user agreement, Plaintiff curiously "purchased the same game again in order to set up a new game account."  *Id.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4484 PSG (VBKx) | Date | January 20, 2010 |
|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

On June 22, 2009, Plaintiff filed a class action against Defendants. The FAC alleges the following causes of action: (1) violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200, (2) violation of California's false advertising law ("FAL"), Cal. Bus. & Prof. Code § 17500, and (3) unjust enrichment. Plaintiff's class action "narrowly focuses on Defendants' deceptive advertising, unfair and undisclosed business practices, and fraudulent concealment with respect to certain aspects of the game that the users are not made aware [of] before or at the time of purchase." *Id.* ¶ 2.

On August 26, 2009, Defendants filed a Motion to Dismiss First Amended Complaint, arguing, *inter alia*, that Plaintiff lacks standing under Article III of the U.S. Constitution. *See Mot.* 17:6-18:22. In the papers, Defendants argued that Plaintiff lacks Article III standing solely because she did not suffer a cognizable injury. *See id.* at 18:21-22. During oral argument, however, the Court raised *sua sponte* the question of whether Plaintiff's injuries were fairly traceable to Defendants' conduct in light of her alleged repurchase of the game. Due to the issues raised during oral argument, the Court requested supplemental briefing on the issue of Plaintiff's standing.

II.     Legal Standard

Federal courts are courts of limited jurisdiction and can only adjudicate actual cases or controversies. *See Flast v. Cohen*, 392 U.S. 83, 88, S. Ct. 1942, 20 L. Ed 947 (1968); *see also Rivera v. Freeman*, 469 F.2d 1159, 1162-63 (9th Cir. 1972) ("The limited jurisdiction of all federal courts requires, preliminarily, that there be a 'case' or 'controversy' in existence."). Article III of the U.S. Constitution requires that (1) the plaintiff has personally suffered a cognizable injury, (2) the injury is fairly traceable to the defendant's alleged unlawful conduct, and (3) the injury is redresseable by judicial decision. *See Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000).

The Court is permitted to raise *sua sponte* issues of standing. *See Fleck & Assocs., Inc. v. Pheonix Mun. Corp.*, 471 F.3d 1100, 1106 n.4 (9th Cir. 2006) ("Of course, since standing is an aspect of subject matter jurisdiction, the district court was free to reach the issue *sua sponte* and was free to find that [the plaintiff] lacked standing for reasons other than those put forward by the city." (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)). The plaintiff bears the burden of establishing standing. *See Raines v. Byrd*, 521 U.S. 811, 818, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997). However, the Court must accept as true all non-conclusory factual allegations and make all reasonable inferences in favor of the plaintiff. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002) ("Because

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4484 PSG (VBKx) | Date | January 20, 2010 |
|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

the district court sua sponte dismissed Bernhardt's complaint on its face, we will review her standing as if raised in a motion to dismiss. 'When reviewing motions to dismiss, we must accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party . . . .'" (citation and quotations omitted)).

III.     Discussion

On August 26, 2009, Defendants filed a Motion to Dismiss under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, arguing that (1) the FAC fails to state a plausible UCL or FAL claim, (2) Plaintiff cannot state a claim for unjust enrichment, (3) the FAC fails to comply with Rule 9(b), (4) Plaintiff lacks standing because the alleged injuries are not legally cognizable, (5) Plaintiff's request for disgorgement should be stricken, and (6) Plaintiff's references to California Civil Code § 1750 and California Civil Procedure Code § 1021.5 should be stricken. During argument on the motion, however, the Court addressed a standing issue not raised in the motion.

The FAC alleges that Defendants' nondisclosures and misleading advertisements were material to her purchase of the game in 2005. *See FAC* ¶ 2 ("This case narrowly focuses on Defendants' deceptive advertising, unfair and undisclosed business practices, and fraudulent concealment with respect to certain aspects of the game that the users are not made aware [of] before or at the time of purchase."); *id.* ¶ 35 (describing Defendants' false advertising as "material"); *id.* ¶ 39 (claiming that Defendants intended to "directly or indirectly *induce* Plaintiff and other members of the Class to purchase and play the game." (emphasis added)). In fact, Plaintiff claims in the Opposition that "she would not have purchased [the game] had she been aware of the unconscionable terms and penalties to which the game is subject." *Opp.* 13:19-22. However, Plaintiff also alleges to have purchased the game again in 2009 to create a new user account after discovering the terms and conditions of the user agreement. *See FAC* ¶ 23 ("In 2009, Leong went back and tried to play the game again using the same PlayOnline Account. Leong could not access the game because the Account was no longer valid. The game software that Leong purchased was now useless and of no value to her since Defendants terminated her account. Leong then purchased the same game again in order to set up a new game account."). These allegations appeared inconsistent and suggested that further disclosures at the point of sale in 2005 would not have dissuaded Plaintiff from buying the game.

To resolve the apparent inconsistencies in the FAC—and the shifting arguments raised during the hearing—the Court requested supplemental briefing. In light of the supplemental materials, the Court considers (1) the allegations of Plaintiff's standing on the face of the FAC,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4484 PSG (VBKx) | Date | January 20, 2010 |
|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

(2) the adequacy of Plaintiff's supplemental declaration to establish standing, and (3) the consequences of Plaintiff's lack of standing.

    A.    <u>Plaintiff Lacks Standing on the Pleadings</u>

Before the Court can adequately evaluate the traceability of Plaintiff's injuries, the nature of the alleged injuries and their relationship to Plaintiff's claims must be understood. Each of Plaintiff's claims focus on the lack of disclosures at the initial point of sale.*See FAC* ¶ 2 (noting that the class action "narrowly focuses on Defendants' deceptive advertising, unfair and undisclosed business practices, and fraudulent concealment"); *id.* ¶ 26(d) ("Whether Defendants intentionally concealed or omitted to state material facts to the Class . . . that resulted in the sale of the game."); *id.* ¶ 32 (itemizing the unfair, deceptive, untrue, or misleading advertisements "at the time of purchase"); *id.* ¶ 40 (itemizing the concealed or omitted information "at the time of purchase"); *id.* ¶ 45 ("Through false advertising, unfair and undisclosed business practices, and fraudulent concealment in connection with the advertising, marketing, promotion and sale of the game . . . ."). In order for her injuries to be traceable to Defendants' conduct, the terms and conditions of the user agreement must have been material to her decision to purchase the game in 2005—otherwise, her alleged injuries would not have been caused by the conduct challenged in her causes of action.[1]

Assuming all the facts alleged in the FAC to be true and making all reasonable inferences in favor of Plaintiff, the alleged injuries are not fairly traceable to Defendants' non-disclosures. She allegedly purchased the game in 2009 to create a new account, after having full knowledge of the terms and conditions of the user agreement. Her repurchase suggests that knowledge of

---

[1] Throughout the FAC, Plaintiff suggests that the destruction of her online characters and the collection of subscription payments and fees caused her injury. *See FAC* ¶ 4(b), (c), (d), (e), (f); *see also id.* ¶ 23 ("Leong lost all characters she had developed, the game data she had acquired, and the game levels advanced up to that point where her account was terminated. *As a result*, she suffered damages."). However, Plaintiff cannot simply trace her injuries to their immediate cause; rather, Plaintiff must trace her injuries to her claims, and the FAC only alleges causes of action for the way in which the game was marketed and sold. In the supplemental briefings, Plaintiff again emphasizes the injuries themselves, claiming that the deletion of her characters and the charging of extra fees were fairly traceable to Defendants' conduct. *See Pls.' Supp. Brief* 2:10-13. This would undoubtedly be the case, but Plaintiff's injuries must be fairly traceable to Defendants' lack of proper disclosures at the point of sale.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4484 PSG (VBKx) | Date | January 20, 2010 |
|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

the terms and conditions in 2005 would not have dissuaded Plaintiff from buying the game in the first place. Plaintiff argues that a subsequent act cannot "destroy the standing a plaintiff already has." *Pls.' Supp. Brief* 3:22-23. However, Plaintiff's subsequent act of purchasing the game with full knowledge of the terms and conditions suggests that they were never material.

Plaintiff argues that the Court must assume changed circumstances to explain the 2009 purchase in a way that preserves her claims. *See id.* at 4:1-6; *see also Pls.' Supp. Reply* 4:23-26 ("Resolving questions of fact in ruling on a Rule 12(b)(6) motion is inappropriate especially since all reasonable inferences are drawn in the light most favorable to the plaintiff. Leong's lack of Article III standing cannot be logically deduced from the fact of her second purchase alone."). However, the Court is required to make only *reasonable* inferences in favor of Plaintiff, and it is unclear what reasonable inferences would establish traceability in the FAC. One such inference could be that Plaintiff purchased the game in 2009 with no intent of playing the game. Indeed, Plaintiff argues that the Court cannot presume that Plaintiff intended to play the game when she repurchased it in 2009. *See id.* at 3:24-25. However, Plaintiff alleges in the FAC that she bought the game "in order to set up a new game account." It would be unreasonable to infer that Plaintiff intended to set up a new game account without also intending to play. For these reasons, the Plaintiff lacks standing on the facts alleged because the terms of the user agreement were not material in light of her subsequent purchase.

B.   <u>Plaintiff Fails to Establish Standing in her Declaration</u>

In evaluating a plaintiff's standing, the Court may rely upon affidavits that provide "further particularized allegations of fact deemed supportive of plaintiff's standing." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). In support of Plaintiff's Supplemental Brief, Plaintiff provides a declaration that includes the following explanation for her 2009 repurchase of the game:

> As part of my investigative efforts to look into Square Enix's conduct, I purchased another game disc to make certain inquiries about (1) the current packaging and information provided with the game disc, and (2) the status of my game character and game data previously stored under my previous member account.

*Leong Decl.* ¶ 7.

Plaintiff's declaration appears to explain how the terms and conditions of the user agreement could be material to her 2005 purchase and immaterial to her 2009 purchase. However, Plaintiff's declaration is inconsistent with the allegations in the FAC and, thus, does

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4484 PSG (VBKx) | Date | January 20, 2010 |
|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

not provide "further" allegations to supplement the pleadings.  *See Warth*, 422 U.S. at 501 (noting that a court can allow affidavits that provide "further particularized allegations of fact" in support of the plaintiff's standing).  While the FAC alleges that Plaintiff intended to "set up a new account," the declaration states that Plaintiff repurchased the game to investigate whether she could access data from her *old* account.  *See Leong Decl.* ¶ 7.  The declaration is also inconsistent with Plaintiff's claim that she and her class were required "to purchase the game again in order to open a new account *and start the game from scratch*."  *See FAC* ¶ 20(e) (emphasis added).  Contrary to this allegation in the FAC, Plaintiff "did not purchase the second game to play, nor did [she] have any intention of playing the game ever again."[2]  *Leong Decl.* ¶ 7.  Plaintiff essentially attempts to amend the FAC by way of declaration.  Therefore, the Court limits its standing determination to the allegations in the FAC alone.

    C. <u>Plaintiff is Entitled to Leave to Amend</u>

  In the event this Court finds that Plaintiff lacks standing, Plaintiff requests leave to amend to name a different class representative.  The Ninth Circuit has held that dismissal without further proceedings is appropriate where a class representative "never had standing."  *See Lierboe v. State Farm Mut. Auto Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (quoting *Foster v. Ctr. Township of La Porte County*, 798 F.2d 237, 244-45 (7th Cir. 1986)).  In *Lierboe*, the named plaintiff challenged an insurance company's anti-stacking policy, but during the pendency of the class action, the Montana Supreme Court ruled that the named plaintiff did not have a viable stacking claim.  *See id.* at 1021.  The Ninth Circuit was faced with "the unusual procedural dilemma [of] whether a suit must be dismissed without more, or if other proceedings may follow under which it may be possible that the suit can proceed as a class action with another representative."  *Id.*  Because the named plaintiff "never had standing" to challenge the

---

  [2] Plaintiff's declaration also exposes her potential inability to recover for all the injuries alleged in the class claims.  *Compare Leong Decl.* ¶ 7 (admitting that Plaintiff never intended to play the game again and merely purchased the game in 2009 as part of an investigation), *with FAC* ¶ 20(e) (claiming that "Plaintiff and the other members of the Class [were required] to purchase the game again in order to open a new account and start the game from scratch").  As Defendants argue, it appears that Plaintiff claims to have repurchased the game in order to recover for injuries she never actually sustained.  *See Defs.' Supp. Reply* 5:2-8 (citing *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 815-16 (2007) (holding that the purchase of a product to investigate potential claims cannot constitute an injury in fact for standing purposes)).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4484 PSG (VBKx) | Date | January 20, 2010 |
|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

anti-stacking policy in light of the Montana Supreme Court case, the court remanded the case with instructions to dismiss. *See id.*

Unlike the class representative in *Lierboe*, the Court cannot conclude that Plaintiff "never had standing" or that she "never was a member of the class she was named to represent." *See id.* (quoting *Foster*, 798 F.2d at 244-45). Furthermore, just as the Ninth Circuit was "mindful of judicial economy considerations," *id.*, the Court finds that the interests of judicial economy militate against dismissal with prejudice because it is not legally implausible for Plaintiff to allege standing, *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) ("[F]utile amendments should not be permitted." (citation omitted)). Therefore, the Court gives Plaintiff the opportunity to amend the FAC to establish standing. *See Warth*, 422 U.S. at 501 ("[I]t is within the trial court's power to allow or to require the plaintiff to supply, *by amendment to the complaint* or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." (emphasis added)).

In addition to requesting leave to amend, however, Plaintiff suggests that she should be "afforded the opportunity to locate a new class representative and amend the complaint to add that party." *Pls.' Supp. Brief* 10 n.5.[3] However, Plaintiff does not provide sufficient authority to justify limited discovery in the present circumstances. Plaintiff cites *CashCall, Inc. v. Superior Court*, 159 Cal. App. 4th 273 (2008), a California case involving claims that were difficult for class members to discover. *See id.* at 293 (noting that the rights of the class members would be undermined absent limited discovery due to, *inter alia*, "the alleged secret nature of CashCall's call monitoring (of which the class members remained unaware)"). In this case, however, the putative class members would know if their characters have been terminated or if they have paid extra fees. Therefore, limited discovery is not warranted in this case. Nevertheless, Plaintiff is afforded leave to amend because it is not clear that Plaintiff never had standing.

IV.     Conclusion

---

[3] It is unclear whether Plaintiff in fact requests leave to conduct limited discovery. Plaintiff's counsel claims to be prepared with an additional class representative at this time, *see Pls.' Supp. Brief* 10:5-6, and the footnote discussing limited discovery states hypothetically that "[e]ven if a new class representative has not been located" limited discovery would be warranted, *see id.* n.5.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16**

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | January 20, 2010 |
|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

    Based on the foregoing, the Court DISMISSES Plaintiff's FAC with leave to amend. Plaintiff may file an amended complaint within 21 days of this order. If Plaintiff fails to file an amended complaint by <u>February 10, 2010</u>, this action will be dismissed with prejudice. As Plaintiff's claims are dismissed, Defendants' motion to dismiss is hereby rendered MOOT.

    **IT IS SO ORDERED.**