**MAKAREM & ASSOCIATES, APLC**
Ronald W. Makarem, Esq. (SB #180442)
Marni B. Folinsky, Esq. (SB #209880)
Jean-Paul Le Clercq, Esq. (SB #248818)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1760
Phone: (310) 312-0299; Facsimile: (310) 312-0296

Michael H. Kim, Esq. (State Bar No. 200792)
**MICHAEL H. KIM , P.C.**
3699 Wilshire Boulevard, Suite 860
Los Angeles, California 90010
Telephone: (213) 639-2900; Facsimile: (213) 639-2909

Attorneys for Plaintiff ESTHER LEONG, individually and
on behalf of all others similarly situated

FILED
2010 FEB 10 PM 3:57
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER LEONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SQUARE ENIX OF AMERICA HOLDINGS, INC., a Delaware corporation; SQUARE ENIX, INC., a Washington corporation,<br><br>Defendants. | Case No. CV 09-4484 PSG (VBKx)<br><br>**CLASS ACTION SECOND AMENDED COMPLAINT**<br><br>[JURY TRIAL DEMANDED] |

Plaintiffs, ESTHER LEONG, RICHARD STEES, ROBERT REED CARR, VINCENT CHANG, and NORMAN HAYNE (collectively "Plaintiffs"), individually, and on behalf of all others similarly situated, by and through

undersigned counsel, files this class action lawsuit against Defendants, SQUARE ENIX OF AMERICA HOLDINGS, INC., and SQUARE ENIX, INC. (collectively "Square Enix" or "Defendants"). Plaintiffs allege as follow upon personal knowledge as to their actions and upon information and belief as to all other facts alleged in this Complaint:

## PARTIES

1.      Plaintiff, Esther Leong, is presently, and at all times material hereto was a citizen of California. She currently resides and works in the City of San Francisco, County of San Francisco, and State of California.

2.      Plaintiff, Richard Stees, is presently, and at all times material hereto was a citizen of Texas. He currently resides in Dallas, Texas.

3.      Plaintiff, Robert Reed Carr, is presently, and at all times material hereto was a citizen of Texas. He currently resides in Dallas, Texas.

4.      Plaintiff, Vincent Chang, is presently a citizen of California, and previously a citizen of Nevada.

5.      Plaintiff, Norman Hayne, is presently, and at all times material hereto was a citizen of Ohio. He currently resides in Delphos, Ohio.

6.      On information and belief, SQUARE ENIX OF AMERICA HOLDINGS, INC. is a Delaware corporation with its principal place of business in the City of El Segundo, County of Los Angeles, and State of California. On information and belief, SQUARE ENIX OF AMERICA HOLDINGS, INC. was established in 2006 as a US-based holding company to control management and operations of the company's subsidiaries in North America. On information and belief, SQUARE ENIX, INC. is a Washington corporation with its principal place of business in the City of El Segundo, County of Los Angeles, and State of California. Collectively, SQUARE ENIX OF AMERICA HOLDINGS, INC., and SQUARE ENIX, INC. have developed and sold, and continue to sell the Game, and own and operate the online system through which the Game is played.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(a) and 1332(d), because the amount in controversy exceeds $5 million exclusive of interest and costs, and on information and belief, more than 80% of the putative Class are citizens of states other than Defendants' state of citizenship.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

8.     The subject lawsuit is governed by California law, without reference to its rules regarding conflicts of law pursuant to a written agreement.

9.     This Court has personal jurisdiction over all Class members regardless of their place of residence pursuant to a written consent by each of the Class members which states that they "hereby irrevocably submits and consent to the sole and exclusive jurisdiction of the courts of the State of California and of the United States of America located in the count of Los Angeles."

10.     Venue is proper in this Court because Defendants reside in this District, and a substantial part of the events alleged in this Complaint giving rise to Plaintiffs' claims, including the dissemination of the false and misleading advertising alleged herein, occurred in and were directed from this District.

## FACTS

### A.     Defendants' Unlawful Conduct: Illegal Forfeiture Penalty

11.     Defendants Square Enix of America Holdings, Inc. and Square Enix, Inc. (collectively, "Defendants") developed and distribute the online multiplayer role-playing game *Final Fantasy XI Online* ("the game").

12.     The game is played online, and requires Internet access to Defendant's game servers.

13.     In the game, players use one or more game characters to explore and advance through the game's virtual world, complete quests, gather items, and develop their game characters.

14.     Players must first purchase a copy of the game.  They also purchase one or more game characters to play in the virtual game world. They also have to create an online game account (the "online account") to access Defendant's virtual game world.

15.     The online account requires a monthly fee.  The monthly account fee is currently $12.95 per account and an additional $1.00 is added to the account fee for every additional game character.

16.     The game is sold subject to terms and conditions contained within the user manual.   One of the terms and conditions of the game requires that players forfeit their game and game characters if they fail to pay the account fee for more than three months (hereinafter referred to as the "Forfeiture Clause").

17.     The Forfeiture Clause is designed to induce players to continuously pay their monthly account fees.

18.     The Forfeiture Clause no relationship to any loss Defendants may suffer if a user decides to skip or temporarily stop his game subscription. The Forfeiture Clause is not a reasonable measure of the anticipated or actual loss that the customer's temporary stoppage of their game account causes defendants.

19.     The Forfeiture Clause is intended by Defendants to be a punishment for failing to pay the account fee, rather than an estimate of damages that Defendant may incur should there be a temporary stoppage of the game account.

20.     The Forfeiture Clause is not designed to compensate Defendants for any damages arising from any temporary stoppage of the online subscription, but rather is designed to lock in the users of the game and serves as a disincentive to prevent game users from stopping or skipping their payment of the account fee.

21.     As a result of the illegal Forfeiture Clause, Plaintiffs and the members of the Class have lost their copies of the game software and game characters.

22.     As a result of the illegal Forfeiture Clause, Plaintiffs and the members of the Class have been forced to spend additional sums of money to replace the game

1   and buy new game characters.

2      23.   In recent years, Defendants have started special campaigns under

3   various names, including but not limited to *The Return Home to Vana'diel*

4   *Campaign*, whereby Defendants were selling forfeited game characters back to

5   players at an exorbitant price. Under these special campaigns, players can pay to

6   "retrieve" their old game characters that they were forced to forfeit under the illegal

7   Forfeiture Clause.  These special campaigns are designed to extract an additional

8   payment from non-complying players who failed to continuously pay their account

9   fees.

10      24.   These special campaigns, along with the Forfeiture Clause, are not

11  designed to compensate Defendants for any damages arising from any temporary

12  stoppage of the online subscription, but rather are designed to lock in the users of the

13  game and serves as a disincentive to prevent game users from stopping or skipping

14  their payment of the account fee.

15      25.   Additionally, these special campaigns are designed to extract additional

16  benefits for the Defendants at the expense of game users who were forced forfeit

17  their game and game characters under the Forfeiture Clause.

18      26.   As a result of the illegal Forfeiture Clause, Plaintiffs and the members

19  of the Class have been forced to spend additional sums of money to retrieve their old

20  game characters that they were forced to forfeit under the Forfeiture Clause.

21      27.   The Forfeiture Clause imposed by Defendants is unconscionable, void

22  and unenforceable penalties under Cal. Civ. Code §§1671(d) and 1670.5, constitute

23  an unlawful, unfair and deceptive practice under the UCL, Cal. Bus. & Prof. Code

24  §§17200, *et seq*; and constitute a violation of Cal. Civ. Code § 1770.

25  **B.   Defendants' Unlawful Conduct: Failure to Disclose the Forfeiture Penalty**

26      **at the Point of Sale**

27      28.   Additionally, Defendants failed to disclose the Forfeiture Clause at the

28  point of sale.

29.     As a result of Defendants' failure to disclose the Forfeiture Clause at the point of sale, Plaintiffs and the members of the Class purchased the game without knowing about the Forfeiture Clause.

**C.     Defendant's Revocation Of Plaintiffs And Class Members Right Of Ownership Or License.**

30.     Additionally, Defendant's have the policy of revoking Plaintiffs' or class members' rights to owner, license, or use the game at their own discretion.

31.     As a result of Defendant's revocation of Plaintiffs' and Class Members' right of ownership, license, or use of the game, Plaintiffs and Class Members have been forced to forfeit their game and game characters.

32.     As a result of Defendant's revocation of Plaintiffs' and Class Members' right of ownership, license, or use of the game, some Plaintiffs and Class Members have been forced to spend additional sums of money to either repurchase the game, or retrieve their old game and game characters.

**D.     Individual Plaintiffs**

33.     With respect to Plaintiff Esther Leong, she first purchased  the game in 2005 without knowing about the illegal Forfeiture Clause.  She opened her online game account in 2005, and played the game until August of 2007.  In August of 2007, Plaintiff Leong stopped paying the monthly subscription fee.

34.     In 2009, Plaintiff Leong went back and tried to play the game again using the same online game account.   However, her game and game character were forfeited under the illegal Forfeiture Clause.

35.     After this discovery, Plaintiff Leong purchased a new copy of the game in order to set up a new Game account.  This was done to see if she could retrieve her old Final Fantasy XI Registration Code to which her in-game character and Game data are tied through her new game account.  Plaintiff did not buy the second game to play, nor did she have any intention of playing the game again.

36.     As a result, Plaintiff Esther Leong suffered damages and losses as

follows:

      a)     She lost the original Game software as a result of the illegal Forfeiture Clause;

      b)     She lost  her Game characters as a result of the illegal Forfeiture Clause;

      c)     She lost her Game data as a result of the illegal Forfeiture Clause;

      d)     She purchased the original game without knowing about the Forfeiture Clause.  The Forfeiture Clause is a  material term.

37.     With respect to Plaintiff Richard Stees, he purchased the game in 2004 without knowing about the Forfeiture Clause.  At the time of Plaintiff Stees's purchase of the game software, he reasonably inferred, based on the representations and/or information provided to him by Defendants, that he was begin given "ownership" rights of the game software.  Plaintiff Stees opened his PlayOnline Account in 2004, and was charged the account fee until early 2005.  In early 2005, Plaintiff Stees stopped paying the monthly account fee and his account was cancelled.  At the time Plaintiff Stees stopped playing, he was under the age of 18.

38.     In 2005, Plaintiff Stees attempted to start his PlayOnline Account again.  However, his game, game characters and game data were forfeited under the illegal Forfeiture Clause.

39.     As a result, Plaintiff Stees suffered damages and losses as follows:

      a)     He lost the original Game software as a result of the illegal Forfeiture Clause;

      b)     He lost  her Game characters as a result of the illegal Forfeiture Clause;

      c)     He lost her Game data as a result of the illegal Forfeiture Clause;

      d)     He purchased the original game without knowing about the Forfeiture Clause.

40.     With respect to Plaintiff Robert Reed Carr, he purchased the game in

approximately 2002 without knowing about the Forfeiture Clause.  Plaintiff Carr opened his Playonline Account in approximately 2002, and was charged the account fee until approximately 2003.  In 2003, Plaintiff Carr suspended his game account and stopped paying the monthly account fee.

41.     In approximately 2007 Plaintiff Carr tried to go back to the Game. However, his original game, game characters and game data were forfeited under the Forfeiture Clause.  He unsuccessfully tried to "reactivate" his old game character and data under a special program ran by Defendants.  The reactivation failed.  As a result of this loss under the illegal Forfeiture Clause, he bought a new game, new game characters and new game data.

42.     As a result, Plaintiff Carr suffered damages and losses as follows:

    a)     He lost the original Game software as a result of the illegal Forfeiture Clause;

    b)     He lost his Game characters as a result of the illegal Forfeiture Clause;

    c)     He lost his Game data as a result of the illegal Forfeiture Clause;

    d)     He purchased the original game without knowing about the Forfeiture Clause;

    e)     He spent additional sums of money to replace his forfeited game, game characters and game data as a result of the illegal Forfeiture Clause.

43.     With respect to Plaintiff Vincent Chang, he purchased the game in 2004 without knowing about the illegal Forfeiture Clause.  Plaintiff Chang opened his Playonline Account in 2004, and was charged the account fee until 2006.  In 2006, Plaintiff Chang temporarily stopped paying the account fee for several months.

44.     In 2006, Plaintiff Chang tried to begin playing the Game again. However, his game, game character and game data had been forfeited under the Forfeiture Clause. He paid additional penalties and fees to reacquire his game, game character and game data.

45.     As a result, Plaintiff Chang suffered damages and losses as follows:

a)     He lost the original Game software as a result of the illegal Forfeiture Clause;

b)     He lost his Game characters as a result of the illegal Forfeiture Clause;

c)     He lost his Game data as a result of the illegal Forfeiture Clause;

d)     He purchased the original game without knowing about the Forfeiture Clause. The Forfeiture Clause is a  material term.

e)     He spent additional sums of money  to retrieve his Game account which he already paid for and lost as a result of the illegal Forfeiture Clause;

f)     He spent additional sums of money  to retrieve his Game character which he already paid for and lost as a result of the illegal Forfeiture Clause;

g)     He spent additional sums of money to retrieve his Game data which he already paid for and lost as a result of the illegal Forfeiture Clause.

46.     With respect to Norman Hayne, he purchased the game in August, 2005. At the time of Plaintiff Hayne's purchase of the game software, he reasonably inferred, based on the representations and/or information provided to him by Defendants, that he was begin given "ownership" rights of the game software. Plaintiff Hayne opened his Playonline Account in 2005, and was charged the account fee until June, 2009.  In June, 2009, Plaintiff Hayne's game, game software, online account, game data, game characters, and ability to play the game, was permanently cancelled and/or revoked by Defendants.

47.     Since Plaintiff Hayne's game, game software, online account, game data, game characters, and ability to play the game were cancelled and/or revoked, Plaintiff Hayne lost his game, his online account, his character and all character data.

48.     As a result of Defendant's Conduct, Plaintiff Hayne suffered damages and losses as follows:

SECOND AMENDED CLASS ACTION COMPLAINT

a)      He lost the original Game software;

b)      He lost his Game characters;

c)      He lost his Game data.

## CLASS ACTION ALLEGATIONS

49.      This class action lawsuit is brought to address Defendants' business practices that are (1) unlawful, (2) unfair AND (3) deceptive.  The business practices at issue pertain to Defendants' online game called "Final Fantasy XI."  This lawsuit is brought to represent. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the following Classes and subclasses:

a)      The "Purchase" Subclass: All individuals who purchased the game and game character during the Class Period without full disclosure of the material terms of the game.  Excluded from the class are Defendants, and their officers and directors, members of their immediate family members, and Defendants' legal representatives, heirs, successors and assigns.  This Subclass is represented by Leong, Stees, Carr, and Chang.

b)      The "Purchase-Loss" Subclass: All individuals who purchased the game and game character during the Class Period without full disclosure of the material terms of the game and lost the game, game character, and/or game data as a result of the non-disclosure.  Excluded from the class are Defendants, and their officers and directors, members of their immediate family members, and Defendants' legal representatives, heirs, successors and assigns.  This Subclass is represented by Leong, Stees, Carr, and Chang.

c)      The "Purchase-Pay" Subclass: All individuals who purchased the game and game character during the Class Period without full disclosure of the material terms of the game and lost the game, game character, and/or game data as a result of the non-disclosure.  This sub-class either re-activated their Online Account by paying extra sums of money, or repurchased the game

software.  Excluded from the class are Defendants, and their officers and directors, members of their immediate family members, and Defendants' legal representatives, heirs, successors and assigns.  This Subclass is represented by Leong and Stees.

d)     The "Forfeiture" Subclass: All individuals who lost the game, game character and game data during the Class Period as a result of the illegal Forfeiture Clause.  Excluded from the class are Defendants, and their officers and directors, members of their immediate family members, and Defendants' legal representatives, heirs, successors and assigns.  This Subclass is represented by Leong, Stees, Carr, and Chang.

e)     The "Forfeiture-Reactivation" Subclass : All individuals who lost the game, game character and game data during the Class Period as a result of the illegal Forfeiture Clause and paid money to buy back or "reactivate" the lost game, game character, and/or game data from Defendants. This Subclass is represented by Carr and Chang.

f)     The "Forfeiture-New Game" Subclass: All individuals who lost the game, game character and game data during the Class Period as a result of the illegal Forfeiture Clause and purchased new game, game character, and/or game data to replace the lost game, game character, and/or game data. This Subclass is represented by Carr.

g)     The "Revocation" Subclass: All individuals who lost the game, game software, online account, game data, game characters, and ability to play the game during the Class period as a result of Defendant's business practice of unilaterally and permanently cancelling and/or revoking Plaintiffs' and Class Member's game, game software, online account, game data, game characters, and ability to play the game.  Excluded from the class are Defendants, and their officers and directors, members of their immediate family members, and Defendants' legal representatives, heirs, successors and

assigns.  This Subclass is represented by Plaintiff Stees and Hayne.

50.   Certification of the Classes and Subclasses is appropriate pursuant to Fed. R. Civ. Proc. 23(a).  The members of the Classes and Subclasses are so numerous that joinder of all members would be impracticable.  Defendants' Website data indicate that there are hundreds of thousands of purchasers and users of the Game subject to this Court's jurisdiction.

51.   There are common questions of law and fact, among others, including:

a)   Whether the Forfeiture Clause is unconscionable, void and unenforceable penalties under Cal. Civ. Code §§1671(d) and 1670.5,

b)   Whether the Forfeiture Clause constitutes an unlawful, unfair and deceptive practice under the UCL, Cal. Bus. & Prof. Code §§17200, *et seq*

c)   Whether the Defendants should be permanently enjoined from enforcing the Forfeiture Clause;

d)   Whether the Forfeiture Clause is a violation of Cal. Civ. Code §§ 1770(5),(14), and (19).

e)   Whether Defendant's business practice of revoking a Plaintiffs or Class Member's Online Account is a violation of Cal. Civ. Code §§ 1770(5),(14), and (19).

f)   Whether the Forfeiture Clause constitutes an unlawful or unfair business practice within the meaning of California's Unfair Competition Law;

g)   Whether the Defendants were and are currently being unjustly enriched by the Forfeiture Clause;

h)   Whether the practice of forcing players to buy new game software and game characters to replace the forfeited game software and game characters that they forfeited under the Forfeiture Clause constitutes an unlawful or unfair business practice within the meaning of California's Unfair Competition Law;

i)   Whether the practice of forcing players to buy new game

software and game characters to replace the forfeited game software and game characters that they forfeited under the Forfeiture Clause unjustly enriched the Defendants;

j)      Whether the practice of selling forfeited game software and game characters back to the players constitutes an unlawful or unfair business practice within the meaning of California's Unfair Competition Law;

k)      Whether the practice of selling forfeited game software and game characters back to the players unjustly enriched the Defendants;

l)      Whether the Defendants concealed or failed to disclose the Forfeiture Clause at the point of sale;

m)      Whether the aforementioned concealment or failure to disclose constitutes deceptive advertising under California's False Advertising Law;

n)      Whether, as a result of Defendants' misconduct as alleged in this Complaint, Plaintiffs and the Class are entitled to damages, restitution, equitable relief, and other relief, and the amount and nature of such relief;

o)      Whether Defendants have acted on grounds generally applicable to the Class, making injunctive relief appropriate;

p)      Whether a Class can be certified pursuant to Fed. R. Civ. Proc. 23(b)(3); and

q)      Whether alternatively, a Class can be certified pursuant to Fed. R. Civ. Proc. 23(b)(2).

52.      Plaintiffs' claims are typical of the claims of the Classes and Subclasses, because Plaintiffs and all members of the Classes and Subclasses were injured economically by the same wrongful practices and conduct of Defendants as described in this Complaint.  Plaintiffs' claims arise from the same practices and conduct that gave rise to the claims of the Class and Subclass members, and are based on the same legal theories.  The only difference between Plaintiffs and the individual members of the Classes and Subclasses could be the amount of damages

1  sustained, which is an amount that can be readily determined, and does not bar or in

2  any way impair class certification.

3      53.     Plaintiffs will fairly and adequately represent the interests of the

4  members of the Classes and Subclasses. Plaintiffs' interests are the same as, and not

5  in conflict with, the other members of the Classes and Subclasses. Plaintiffs' counsel

6  is experienced in class action and complex litigation.

7      54.     Questions of law or fact common to the members of the Classes and

8  Subclasses predominate and a class action is superior to individual cases for the faire

9  and efficient adjudication of the issues presented in this lawsuit, because individual

10  litigation of the claims of all members of the Classes and Subclasses is economically

11  unfeasible and procedurally impracticable. The individual damages incurred by each

12  Class and Subclass member resulting from Defendants' conduct are too small to

13  warrant the expense of individual suits.  The likelihood of individual members of the

14  Classes and Subclasses prosecuting separate claims is remote, and even if every

15  Class and Subclass member could afford individual litigation, the court system

16  would be unduly burdened by individual litigation of such cases.  Individual suits

17  would also present the potential for inconsistent or contradictory judgments and

18  rulings, and would underscore the delay and expense to all parties and to the court

19  system resulting from multiple trials of the same factual issues.   Plaintiffs know of

20  no difficulty to be encountered in the management of this action that would preclude

21  its maintenance as a class action, and certification of the Classes and Subclasses

22  under Rule 23(b)(3) is proper.

23      55.     Relief concerning Plaintiffs' rights under the laws herein alleged and

24  with respect to the Classes and Subclasses would be proper.  Defendants have acted

25  or refused to act on grounds generally applicable to the Classes and Subclasses,

26  thereby making appropriate final injunctive relief or corresponding declaratory relief

27  with regard to members of each Class and Subclass as a whole, and hence

28  certification of the Classes and Subclasses under Rule 23(b)(2) is proper.

1

## COUNT I

2

### For Violation of California Civil Code section 1671

3      56.    Plaintiffs hereby incorporate by reference the allegations contained in

4  all preceding paragraphs of this complaint.

5      57.    The imposition by Defendants of the Forfeiture Clause violates Cal.

6  Civ. Code §1671(d) and is unlawful, void and unenforceable under this statute.

7      58.    Plaintiffs and the Class members have suffered harm as a proximate

8  result of the violations of law and wrongful conduct of the defendants alleged herein.

9  Pursuant to Cal. Civ. Code §1671(d), plaintiffs on behalf of themselves and in their

10  representative capacity seek an order of this Court preliminarily and permanently

11  enjoining defendants from further enforcement of the Forfeiture Clause as alleged

12  herein.  Plaintiffs also seek an order requiring defendants to:

13              a)     Immediately cease their unlawful facts and practices;

14              b)     Make full restitution of all monies wrongfully obtained; and

15              c)     Disgorge all ill-gotten revenues and/or profits.

16

## COUNT II

17

### For Violation of California Business & Professions Code §§ 17200 et seq.

18      59.    Plaintiffs repeat and reallege the allegations set forth above as if fully

19  contained herein.

20      60.    Defendants have engaged in unfair, unlawful, and fraudulent business

21  practices as described in this Complaint, including, but not limited to:

22              a)     Enforcing the illegal Forfeiture Clause;

23              b)     Revoking Plaintiffs and Class Members Online Accounts;

24              c)     Forcing players to buy new game software and game characters

25  to replace the forfeited game software and game characters that they forfeited

26  under the Forfeiture Clause constitutes an unlawful or unfair business practice

27  within the meaning of California's Unfair Competition Law;

28              d)     Selling forfeited game software and game characters back to the

players;

   e) Concealing or failing to disclose the Forfeiture Clause at the point of sale;

  61. Defendants knew that retailers do not allow purchasers of computer Games to return the merchandise after the Game has been opened.  Therefore, Defendants knew that by failing to disclose this information at the time of purchase, Plaintiffs  and the Class could not return the merchandise to get their money back to the extent that they did not agree with any of the terms and conditions of the Game that were not disclosed on the box prior to purchase.

  62. By engaging in the above-described unfair, unlawful, and fraudulent business practices with respect to the Forfeiture Clause, Defendants committed one or more acts of unfair competition within the meaning of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.

  63. By engaging in the above-described unfair, unlawful, and fraudulent business practices with respect to the Forfeiture Clause and Defendant's right to unilaterally and permanently cancel and/or revoke a user's the game, game software, online account, game data, game character, and ability to play the game, Defendant has committed one or more acts which violated the Consumers Legal Remedies Acts, Cal. Civ. Code. §§ 1770, et seq.

  64. Defendants' unfair, unlawful, and fraudulent business practices with respect to the Forfeiture Clause have damaged and are likely to continue to damage members of the Class and impact the public interest if they are not permanently enjoined.  The unfair, unlawful, and fraudulent business practices with respect to the Forfeiture Clause are substantial and were directed to all members of the Class with the purpose and intent of unjustly enriching the Defendants at the expense of all members of the Class.

  65. Plaintiffs, on behalf of herself and on behalf of the Class, seeks an order of this Court against Defendants awarding restitution, disgorgement, injunctive relief

and all other relief allowed under § 17200, et seq. plus interest, attorney's fees and costs pursuant to, inter alia, Cal. Code of Civ. Proc. § 1021.5.

### COUNT III

### For Illegal Penalties

66.     Plaintiffs repeat and reallege the allegations set forth above as if fully contained herein.

67.     The aforementioned Forfeiture Clause is illegal under California law, including without limitation California case law and California Civil Code section 1671. The Forfeiture Clause in question provides that any failure to pay the account fee for more than three months will result in the loss of the game software and the termination of the defaulting user's in-game characters. This forfeiture constitutes a punishment and is designed to induce players to continuously pay the account fee. The forfeiture has no relationship to any loss Defendants may suffer if a user temporarily stops playing the game and suspends his account.

68.     The Forfeiture Clause was intended by Defendants to be a punishment for failing to pay the account fee, rather than an estimate of damages that Defendant may incur should there be a temporary stoppage of the game account.

69.     The Forfeiture Clause constitutes an unlawful penalty because it has the effect of inducing performance rather than compensating losses that Defendant may sustain, if any, when a player decides to temporarily stop playing the game.

70.     On information and belief, Defendants have never obtained any agreement from Plaintiffs or members of the Class that damages from any stoppage of the game account would be impracticable or extremely difficult to determine with certainty. On information and belief, Defendants have never discussed with Plaintiffs or members of the Class that the Forfeiture Clause represents a reasonable measure of what liquidated damages might be from any failure to pay the account fee for three months. On information and belief, Defendants have never undertaken a reasonable endeavor to ascertain the actual damages from any failure to pay the

account fee or from a temporary stoppage of the PlayOnline Account. Indeed, the aforementioned Forfeiture Clause is not a reasonable measure or approximation of the anticipated or actual loss from any failure to pay the account fee for three months.

71.    Because the Forfeiture Clause is an unlawful penalty, it is void and unenforceable.

72.    Plaintiffs and members of the Class have been damaged by Defendant's inclusion and enforcement of the Forfeiture Clause.

73.    Plaintiffs and members of the Class seek an order permanently enjoining the Forfeiture Clause; a judgment that the Forfeiture Clause is an unlawful penalty and therefore void and unenforceable; actual damages, including, but not limited to, restitution; reasonable attorney's fees and costs of suit; and any and such other further relief as the Court may deem proper.

## COUNT IV

## Unjust Enrichment

74.    Plaintiffs repeat and reallege the allegations set forth above as if fully contained herein.

75.    Defendants have been unjustly enriched as a direct and proximate result of:

       a)    Enforcing the illegal Forfeiture Clause;

       b)    Forcing players to buy new game software and game characters to replace the forfeited game software and game characters that they forfeited under the Forfeiture Clause constitutes an unlawful or unfair business practice within the meaning of California's Unfair Competition Law;

       c)    Selling game software and game characters that were forfeited under the illegal Forfeiture Clause back to the players;

       d)    Concealing or failing to disclose the Forfeiture Clause at the point of sale;

76.     Defendants reaped benefits and earned huge sums of money from Plaintiffs and members of the Class as a direct result of the aforementioned business practices of:

        a)     Enforcing the illegal Forfeiture Clause;

        b)     Forcing players to buy new game software and game characters to replace the forfeited game software and game characters that they forfeited under the Forfeiture Clause constitutes an unlawful or unfair business practice within the meaning of California's Unfair Competition Law;

        c)     Selling game software and game characters that were forfeited under the illegal Forfeiture Clause back to the players;

        d)     Concealing or failing to disclose the Forfeiture Clause at the point of sale;

77.     Accordingly, Defendants will be unjustly enriched unless ordered to disgorge those revenues for the benefit of Plaintiffs and the Class.

## COUNT V

### For Violation of False Advertising Law, Bus. & Prof. Code § 17500 et seq.

78.     Plaintiffs repeat and reallege the allegations set forth above as if fully contained herein.

79.     The game is advertised, marketed, and sold from California throughout the United States and the world.  Defendants have omitted or failed to disclose information about the Forfeiture Clause in the advertising, marketing, and sale of the game to the public.  The failure constitutes false advertising within the meaning of California's False Advertising Law, codified at Cal. Bus. & Prof. Code § 17500, et seq.  This omission or failure to disclose information about the Forfeiture Clause was a material omission.

80.     Defendants knew that retailers do not allow purchasers of computer Games to return the merchandise after the Game has been opened.  Therefore, Defendants knew that by failing to disclose the Forfeiture Clause at the point of sale,

1    Plaintiffs and other members of the Class could not return the merchandise to get

2    their money back to the extent that they did not agree with the Forfeiture Clause.

3         81.    Plaintiffs, on behalf of themselves and on behalf of the Class, seek

4    restitution, disgorgement, injunctive relief, and all other relief allowable under §

5    17500, et seq.

6                                    **COUNT VI**

7          **For Violation Of Consumers Legal Remedies Act (C.C.C. § 1770)**

8         82.    Plaintiffs repeat and reallege the allegations set forth above as if fully

9    contained herein.

10        83.    Defendant's conduct in selling and managing the game, as alleged in

11   this Complaint, constitute a violation of California Civil Code sections 1770, et. seq.

12   including, but not limited to:

13             a)    section 1770(a)(5) because Defendant has represented that

14        purchase of the game software had particular characteristics, uses and/or

15        benefits which it did not have at the time of sale, including, but not limited to,

16        ownership of the game software;

17             b)    section 1770(a)(14) because Defendant represented that the

18        purchase of the game software provided certain rights associated with the

19        game, including ownership of the game software rather than a "lease" or

20        "license." The rights conferred to the Plaintiffs and Class Members constitute

21        a "lease" or "license," and not "ownership," of the game software because

22        Defendant may unilaterally and permanently cancel and/or revoke at any time

23        and for any reason; and/or

24             c)    section 1770(a)(19) because Defendant's ability to unilaterally

25        and permanently cancel and/or revoke the user's license and the Forfeiture

26        Clause constitute "unconscionable" terms within the user agreement.

27        84.    Plaintiffs have provided actual notice to Defendant of the acts and

28   business practice described in this Complaint which are unlawful pursuant to Cal.

Civ. Code. section 1770 by:

      a)    personally serving the First Amended Complaint in this lawsuit on July 31, 2009, which was 30 or more days before the filing of this Second Amended Complaint, which include allegations of Defendants' business practices which are unlawful, unfair, deceitful, and unconscionable, including misrepresentations at the time of sale of the characteristics of, and rights associated with, the game, and unconscionable terms in the game's user agreements, which have caused injury to the class; and

      b)    Requesting disgorgement of all proceeds associated with these business practices and injunctive relief to stop these business practices.

85.    Plaintiffs, on behalf of themselves and on behalf of the Class, seek recovery of their actual damages, an order enjoining Defendant from utilizing these unfair practices; restitution of all property and damages, attorneys fees and costs, punitive damages, and any other relief that this Court deems proper, pursuant to California Civil Code sections 1780, et. seq.

## PRAYER FOR RELIEF

1.    That this matter be certified as a class action with the Class defined as set forth above under Fed. R. Civ. P. 23(b)(3), or in the alternative, Fed. R. Civ. P. 23(b)(2), and that the Plaintiffs be appointed Class Representatives, and their attorneys be appointed as Class Counsel.

2.    That the Court enter an order requiring Defendants to immediately cease the wrongful conduct as set forth above; enjoining Defendants from continuing to enforce the Forfeiture Clause; enjoining Defendants from engaging in the unfair, unlawful and fraudulent business practices as alleged above; and ordering Defendants to engage in a corrective notice campaign;

3.    That the Court enter an order permanently enjoining Defendant from including and enforcing the Forfeiture Clause;

4.    That judgment be entered against Defendants in an amount

underdetermined for unjust enrichment, including disgorgement of profits received by Defendants as a result of the alleged unfair, unlawful and fraudulent business practices with respect to the Forfeiture Clause, appropriate equitable relief, attorney's fees and costs of suit;

5.      That judgment be entered against Defendants for damages resulting from Defendant's unfair, unlawful and fraudulent business practices with respect to the Forfeiture Clause,

6.      That judgment be entered against Defendants for statutory damages, punitive damages, costs of suit, attorney's fees and injunction; and

7.      For prejudgment and post-judgment interest

8.      For such other relief as the Court deem just and proper.

Dated: February 10, 2019

**MAKAREM & ASSOCIATES, APLC**
**MICHAEL H. KIM, PC**

By: _____
      RONALD W. MAKAREM, Esq.
      MARNI B. FOLINSKY, Esq.
      JEAN-PAUL LE CLERCQ, Esq.
Attorneys for Plaintiff ESTHER LEONG,
individually and on behalf of all others similarly
situated

PROOF OF SERVICE
(Code of Civil Procedure §l0l3A(d))

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 11601 Wilshire Boulevard, Suite 2440, Los Angeles, CA 90025-1740.   On February 10, 2010, I caused the foregoing document described as:

**CLASS ACTION SECOND AMENDED COMPLAINT**

Said document was served on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Joel D. Siegel, Esq.
Sonnenschein Nath & Rosenthal LLP
601 South Figueroa Street
Suite 2500
Los Angeles, California 90017-5704
Facsimile: 202-408-6399

Christian S. Genetski, Esq.
Sonnenschein  Nath & Rosenthal LLP
1301 K Street, N.W. Suite 600 East Tower
Washington DC, 20005-3364
Facsimile: 213-623-9924

___BY MAIL: I deposited such envelope in the mail at Los Angeles, California.    The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with this business' practice for collection and processing of mail and that on the same day, and in the ordinary course of business, said mail is deposited in the United States Mail with postage thereon fully prepaid at Los Angeles, California.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit/proof of service.

___ _ PERSONAL SERVICE:  I delivered said envelope by hand to the offices of the addressee(s).

___ VIA FACSIMILE:  On to the interested parties above-designated at the fax numbers noted above.
_xx_ VIA OVERNIGHT DELIVERY:  I placed such envelope for regularly scheduled pickup at our offices on the date of this declaration by our usual overnight delivery service.

__xx___ (Federal) I declare that I am employed in the offices of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on February 10, 2010, at Los Angeles, California.

Stefani McDowell

Printed on Recycled Paper