Name  Ronald W. Makarem, Esq. (SB #180442)

Address  11601 Wilshire Blvd., Suite 2440

City, State, Zip  Los Angeles, CA 90025

Phone  310-312-0299

Fax  310-312-0296

E-Mail  makarem@law-rm.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ESTHER LEONG, individually and
on behalf of all others similarly

PLAINTIFF(S),

v.

SQUARE ENIX OF AMERICA HOLDINGS, INC.;
SQUARE ENIX, INC.,

DEFENDANT(S).

CASE NUMBER:

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that ____ Esther Leong, Richard Stees, Robert Reed Carr, ____ hereby appeals to
                                            *Name of Appellant* Vincent Chang, Norman Hayne
the United States Court of Appeals for the Ninth Circuit from:

### Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

### Civil Matter

☒ Order (specify):
    Defendant's Motion to Dismiss w/ prejudice

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on ____ April 20, 2010 ____ . Entered on the docket in this action on April 20, 2010 ____ .

A copy of said judgment or order is attached hereto.

May 13, 2010
Date

Signature
☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the
attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number
of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Granting Defendants' Motion to Dismiss**

Pending Before the Court is Defendants' Motion to Dismiss.  A hearing on the motion was held on April 19, 2010.  Having considered the moving and opposing papers and arguments presented at the hearing, the Court GRANTS the motion.

I.   <u>Background</u>

Defendants Square Enix of America Holdings, Inc. and Square Enix, Inc. (collectively, "Defendants") developed and distribute the online role-playing game *Final Fantasy XI Online* ("the game").  *See Second Am. Compl. ("SAC")* ¶ 11.  In order to play the game, players must purchase a copy of the game software, create an online game account ("user account"), and purchase one or more game characters that they can then use to explore the game's virtual world, complete various quests, and collect items.  *See id.* ¶¶ 13-14.  According to the Second Amended Complaint, "[t]he game is sold subject to terms and conditions contained within the user manual."  *Id.* ¶ 16.  The PlayOnline Member Agreement ("the user agreement") contains several terms and conditions governing the use of the game.[1]

---

[1] Defendants provided a copy of the user agreement in support of a previous motion to dismiss, *see Ross Decl.* ¶ 2, Ex. A (Dkt. #19), and Defendants claim that the same user agreement governs Plaintiffs' claims, *see Mot.* 1 n.3 ("The operative [user agreement] is in the record as Exhibit A to Square Enix's Motion to Dismiss Leong's First Amended Complaint.").  Under the doctrine of incorporation by reference, the Court may consider documents outside the pleadings if (1) the complaint either refers to them or necessarily relies upon them and (2) the authenticity of the extrinsic materials is not questioned.  *See Branch v. Tunnell*, 14 F.3d 449, 453

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#56**
**JS-6**

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |

| | |
|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |

In order to play the game, users are allegedly required to pay a monthly subscription fee, and the failure to pay the subscription fee for more than three consecutive months will result in the deletion of a user's game account and in-game characters.[2]  *See id.* ¶¶ 15-16.  Defendants allegedly failed to disclose the forfeiture clause at the point of sale, *see id.* ¶ 28, and they allegedly knew that retailers do not allow a purchaser to return the game for a refund if the purchaser does not agree with the terms of the user agreement after opening the game box, *see id.* ¶ 80.  Pursuant to the forfeiture clause, Defendants have allegedly revoked players' access to the game, deleted their user accounts, and terminated their in-game characters.  *See id.* ¶ 21.  Upon enforcement of the forfeiture clause, Defendants "forced" users to either pay to retrieve their old game characters or to purchase new copies of the game.  *See id.* ¶¶ 21-22.  Indeed, in the recent online special, *The Return Home to Vana'diel Campaign*, Defendants allegedly sold forfeited characters back to users at "exorbitant" prices.  *See id.* ¶ 23.

On June 22, 2009, Plaintiff Esther Leong ("Plaintiff Leong") filed suit against Defendants.  This was soon followed by a First Amended Complaint, which asserted causes of action for (1) violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200, (2) violation of California's false advertising law, Cal. Bus. & Prof. Code § 17500, and (3) unjust enrichment.  *See* Dkt. #10.  Despite the obliqueness of Plaintiff's allegations, the gravamen of Plaintiff Leong's First Amended Complaint was the lack of proper disclosures, and the Court determined that Plaintiff Leong lacked standing to challenge those disclosures where she allegedly purchased the game again with full knowledge of the game's terms and conditions.  *See* Order Dismissing Plaintiff's First Amended Complaint (Dkt. #54).  The Court granted

---

(9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superceded by statute on other grounds*.  As with the First Amended Complaint, the Second Amended Complaint quotes from the user agreement in discussing class members' consent to personal jurisdiction.  *See SAC* ¶ 9 (quoting from § 7.1 of the user agreement).  Furthermore, in their Opposition, Plaintiffs do not question the authenticity of the user agreement provided by Defendants, nor do they dispute Defendants claim that the copy provided is the "operative" user agreement.  Therefore, the Court considers the user agreement under the doctrine of incorporation by reference.

[2] This particular provision is referred to as "the forfeiture clause" in the Second Amended Complaint.  In the Motion, Defendants refer to the provision as the "so called 'forfeiture clause.'"  *Mot.* 2:6.  For the sake of consistency, the Court adopts the parties' terminology.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#56**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | | Date | April 20, 2010 |
|---|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | | |

Plaintiff Leong leave to amend.

On February 10, 2010, Plaintiff Leong filed a Second Amended Complaint against Defendants, joining additional Plaintiffs Richard Stees ("Plaintiff Stees"), Robert Reed Carr ("Plaintiff Carr"), Vincent Chang ("Plaintiff Chang"), and Norman Hayne ("Plaintiff Hayne") (together with Plaintiff Leong, "Plaintiffs" or "Named Plaintiffs"). Plaintiffs purport to represent seven different subclasses of game users allegedly harmed by either the alleged nondisclosure of the forfeiture clause at the point of sale and/or the alleged enforcement of the forfeiture clause. *See SAC* ¶ 49 (discussing the subclasses and identifying the Named Plaintiffs that represent those subclasses). Plaintiffs now assert the following causes of action: (1) violation of Cal. Civ. Code § 1671 ("the § 1671 claim"), (2) violation of the UCL, (3) "illegal penalties," (4) unjust enrichment, (5) violation of the FAL, and (6) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770. On February 24, 2010, Defendants filed a motion to dismiss the Second Amended Complaint.

II.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

In resolving a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. The Court must first accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

1950. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common sense." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

III.   Discussion

Defendants seek to dismiss Plaintiffs' claims on the grounds that (1) the applicable statutes of limitations bar their FAL, CLRA, UCL, and § 1671 claims, (2) the Named Plaintiffs lack standing, and (3) Plaintiffs fail to state a claim as to each cause of action. Unlike the First Amended Complaint, Plaintiffs' claims clearly challenge both the disclosure of the forfeiture clause as well as the legality of the clause itself. In the Opposition, Plaintiffs provide a helpful way of categorizing their claims: the FAL and CLRA claims are based on the alleged deception at the point of sale ("the fraud-based claims"), and the UCL, § 1671, and "illegal penalty" claims are based on the enforcement of the forfeiture clause ("the contract-based claims"). For the reasons discussed, Plaintiffs lack standing to pursue their fraud-based claims, and they fail to state a claim.

A.   Plaintiffs Lack Standing as to the Fraud-Based Claims

Defendants argue that Plaintiffs lack standing to pursue their fraud-based and contract-based claims. As a preliminary matter, the Court finds that Plaintiffs lack standing as to the fraud-based claims.[3] Federal courts are courts of limited jurisdiction and can only adjudicate actual cases or controversies. *See Flast v. Cohen*, 392 U.S. 83, 88, S. Ct. 1942, 20 L. Ed 947 (1968); *see also Rivera v. Freeman*, 469 F.2d 1159, 1162-63 (9th Cir. 1972) ("The limited jurisdiction of all federal courts requires, preliminarily, that there be a 'case' or 'controversy' in existence."). Article III of the U.S. Constitution requires that (1) the plaintiff has personally suffered a cognizable injury, (2) the injury is fairly traceable to the defendant's alleged unlawful conduct, and (3) the injury is redresseable by judicial decision. *See Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610

---

[3] Assuming the loss of game characters and access to their game accounts constitutes a cognizable injury-in-fact, Plaintiffs' harm would be fairly traceable to Defendants' enforcement of the forfeiture clause, and the harm would be redressable through judicial action. The Court limits its standing determination to the fraud-based claims.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

(2000). In a class action, at least one named plaintiff must have standing. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001)).

In order to pursue their fraud-based claims, Plaintiffs have the burden of establishing their individual reliance upon the nondisclosures in making their initial purchasing decision. Otherwise, the alleged harm in purchasing the game and being unable to return it for a refund would not be fairly traceable to Defendants' conduct at the point of sale. When the Court dismissed Plaintiff Leong's First Amended Complaint, the Court found that her injuries were not fairly traceable to Defendant's alleged nondisclosure at the point of sale because she alleged that she purchased the game again with full knowledge of the game's terms and conditions. *See* Order Dismissing Plaintiff's First Amended Complaint (Dkt. #54), at 6. In the Order, the Court granted leave to file an amended complaint to offer clarifying allegations and add additional plaintiffs. Plaintiff Leong now alleges that she repurchased the game without any intention of playing again, *see SAC* ¶ 35, and she is joined by four additional named plaintiffs representing seven overlapping subclasses of consumers. Despite Plaintiffs' efforts, none of the Named Plaintiffs has standing to pursue the fraud-based claims because they do not establish an injury-in-fact that is fairly traceable to the alleged nondisclosure of the forfeiture clause at the point of sale.

1.   <u>Plaintiff Leong</u>

Plaintiff Leong claims that she "purchased the original game without knowing about the Forfeiture Clause" and that the "Forfeiture Clause is a material term." *SAC* ¶ 36(d). Despite these allegations, Plaintiff Leong does not allege that she was unaware of the forfeiture clause when she opened her user account that same year or when she continued paying her monthly subscription fees. *See id.* ¶¶ 33-36. Indeed, as Plaintiffs now allege, the forfeiture clause and the other terms and conditions are contained in the user manual. *See id.* ¶ 16. Plaintiffs also allege that purchasers of the game are unable to return opened copies of the game if they disagree with the terms and conditions of use, which further indicates that the terms are disclosed inside of the game box. *See id.* ¶ 80. Furthermore, users are required to consent to the user agreement before setting up their user accounts and playing the game. *See Ross Decl.* ¶ 2, Ex. A, at § 1.1 (Dkt. #19) (requiring that the "'Agreement' . . . be accepted by each User (or by a parent or legal guardian on behalf of those Users between the ages of 13 and 17) prior to any use of PlayOnline or any services offered in connection therewith").

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#56**
**JS-6**

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

Plaintiff has the burden of establishing her standing, and her continued payment of the subscription fees pursuant to the user agreement undermines her claim that those terms were material. Despite Plaintiffs' conclusory claim that the forfeiture clause was "material" to Plaintiff Leong, the factual allegations do not support this conclusion because the user agreement was allegedly included in the user manual, she was required to consent to the user agreement prior to playing the game, and she did not attempt to return the game after purchase. Furthermore, in the prior Order, the Court warned that Plaintiff Leong cannot manufacture standing to recover for her *repurchase* of the game. *See* Order Dismissing Plaintiff's First Amended Complaint (Dkt. #54), at 7 n.2. However, Plaintiff Leong again attempts to represent a subclass of game users who paid "extra sums of money, or repurchased the game software," even though she repurchased the game to investigate her claims against Defendants with no intention of playing the game again.[4] *See SAC* ¶ 49(c) (purporting to represent the "Purchase-Pay" subclass with Plaintiff Stees). In addition to her lack of standing, Plaintiffs failed to heed this Court's warning that Plaintiff Leong can only have standing based upon injuries she actually suffered, not those she inflicted upon herself in preparing for a lawsuit. For these reasons, Plaintiff Leong lacks standing to pursue the fraud-based claims.

    2.    <u>Plaintiff Stees</u>

Plaintiff Stees allegedly purchased the game in 2004 "without knowing about the Forfeiture Clause," and he allegedly believed that he was purchasing ownership rights in the game software. *Id.* ¶ 37. Plaintiff Stees opened a user account and paid the monthly subscription fee until 2005. *See id.* However, Plaintiffs do not allege that Plaintiff Stees opened his game account without knowing of the terms and conditions of use, nor do they allege that the terms were "material." *See id.* ¶ 39(d) (omitting the generic "materiality" allegation). Indeed, Plaintiff Stees opened a user account, paid the monthly subscription fees, and never tried to return the game. Finally, as with Plaintiff Leong, Plaintiff Stees attempts to represent a

---

[4] In the Second Amended Complaint, Plaintiffs allege that "Plaintiff [Leong] did not buy the second game to play, nor did she have any intention of playing the game again." *SAC* ¶ 35. Indeed, in an earlier declaration, Plaintiff Leong stated that she had no "intention of playing the game ever again." *Leong Decl.* ¶ 7 (Dkt. #49-1). At the hearing, however, Plaintiff's counsel suggested that Plaintiff Leong would have played again if her characters had been retrieved after the purchase of the second game. According to this version of the facts, Plaintiff Leong could not have relied upon the nondisclosure of the forfeiture clause because she allegedly repurchased the game to play despite knowing about the game's terms and conditions.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#56**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

subclass of purchasers who expended additional money or repurchased the game, *see id.* ¶ 49(c), even though there are no allegations that Stees ever spent any money after he tried to start his game account again, *see id.* ¶ 39. Therefore, Plaintiff Stees lacks standing to pursue the fraud-based claims.

       3.    <u>Plaintiff Carr and Plaintiff Chang</u>

Plaintiff Carr and Plaintiff Chang allegedly purchased the game without knowledge of the forfeiture clause. *See id.* ¶ 40 (Plaintiff Carr), ¶ 43 (Plaintiff Chang). Plaintiff Carr allegedly "bought a new game, new game characters and new game data" *after* he lost his old game characters and game account as a result of the forfeiture clause. *See id.* ¶ 41. Similarly, after losing everything, Plaintiff Chang "paid additional penalties and fees to reacquire his game, game character and game data." *Id.* ¶ 44. As with Plaintiff Leong's defective allegations in the First Amended Complaint, Plaintiff Carr's and Plaintiff Chang's expenditure of money after the alleged enforcement of the forfeiture clause negates any reasonable inference of materiality at the point of sale. Therefore, Plaintiff Carr and Plaintiff Chang lack standing to assert the fraud-based claims.

       4.    <u>Plaintiff Hayne</u>

Plaintiff Hayne allegedly purchased the game in 2005, believing that he was purchasing ownership rights in the game software. *See id.* ¶ 46. However, after opening a game account, Plaintiff Hayne proceeded to pay the monthly subscription until June 2009, when his game account was permanently cancelled for an unspecified reason. *See id.* Plaintiff's decision to maintain a game account despite the alleged disclosure of the game's terms and conditions in the user manual undermine the inference that those terms were material to Plaintiff Hayne at the point of sale. Furthermore, the injury alleged by Plaintiff Hayne is not even traceable to Defendants' enforcement of the forfeiture clause because Plaintiffs do not allege that Plaintiff Hayne lost his game characters after failing to pay the subscription fees. Indeed, Plaintiffs do not allege why Plaintiff Hayne's game account was terminated. *See id.* ¶ 48 (failing to specify the reason why Plaintiff Hayne's account was terminated). Accordingly, Plaintiff Hayne lacks standing to assert the fraud-based claims and the contract-based claims against Defendants.

       5.    <u>Summary</u>

Plaintiffs have the burden of establishing standing, and they fail to offer sufficient

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#56**
**JS-6**

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

allegations to establish an injury-in-fact that is fairly traceable to Defendants' alleged nondisclosure of the forfeiture clause. The user agreement was allegedly included in the user manual for the game, users are required to consent to the user agreement prior to playing the game, and each of the Named Plaintiffs proceeded to open a game account and pay the monthly subscriptions. Although Defendants allegedly knew that the games could not be returned to retailers after purchase, none of the Named Plaintiffs allegedly knew of this policy or ever tried to return their games. Additionally, some of the Named Plaintiffs are attempting to represent a class of purchasers who suffered an injury that they did not suffer (Plaintiffs Leong and Stees), others allegedly spent money to play the game again after the forfeiture clause was enforced (Plaintiffs Carr and Chang), and one has no standing to litigate any of the claims against Defendants (Plaintiff Hayne). Therefore, Plaintiffs lack standing to pursue their fraud-based claims.

B.     Plaintiffs' Allegations Are Insufficient to State a Claim

Having determined that Plaintiffs lack standing as to the fraud-based claims, the Court now examines the sufficiency of Plaintiffs' allegations as to each cause of action. For the reasons discussed, Plaintiffs fail to state any of these claims.

1.     The § 1671 and Illegal Penalty Claims (First and Third Causes of Action)

Plaintiffs assert claims for violation of § 1671 and for "illegal penalty" arising out of Defendants' alleged enforcement of the forfeiture clause. *SAC* ¶¶ 57, 67 (discussing the illegal penalty claim in reference to § 1671(d)). The § 1671 and illegal penalties claims are governed by the same standard. *See Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1398-99, 1 Cal. Rptr. 2d 446 (1991) ("The statutory provisions governing liquidated damages, enacted in 1872 as sections 1670 and 1671, 'announced no new principles of law in this state.' . . . Thus, the statutory provisions merely restated the preexisting common law [as it related to illegal contractual penalties]."). Indeed, Plaintiffs reference § 1671 and its substantive requirements in the "illegal penalties" cause of action. *See SAC* ¶¶ 67-70. As Plaintiffs do not distinguish between the § 1671 and the illegal penalty claims, the Court discusses both claims together.

Under California Civil Code § 1671, "a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#56**
**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

actual damage." *See* Cal. Civ. Code § 1671(d). In other words, a claim under § 1671 and for "illegal penalties" requires a showing that the contractual penalty (1) assesses liquidated damages (2) for breach of the contract.

Defendants argue that Plaintiffs fail to state a claim for violation of Cal. Civ. Code § 1671 and for "illegal penalties" because the forfeiture clause is not a liquidated damages provision. *See Mot.* 11:6-14:14. California courts define liquidated damages as "an amount of compensation to be paid in the event of a breach of contract, the sum of which is fixed and certain by agreement." *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1002 (9th Cir. 2002); *Ruwe v. Cellco Partnership*, 613 F. Supp. 2d 1191, 1196 (N.D. Cal. 2009). Plaintiffs concede that the forfeiture clause does not impose any liquidated damages. *See Opp.* 12:27 ("Plaintiffs would agree that the Forfeiture Clause is not a liquidated damages clause . . . ."). The Court's analysis could end there.

Plaintiffs, however, go on to argue that the provision is nonetheless illegal because it requires the forfeiture of property without any relation to compensating Defendants for the breach of contract. *See id.* 3:1-4. This argument, however, assumes that non-payment of the subscription constitutes a "breach" of the user agreement and that users have a property interest in the game data. First, the user agreement does not require users to pay the subscription fees indefinitely; it merely requires payment of the subscription fee as a condition of use. *See Ross Decl.* ¶ 2, Ex. A, at § 5.2 (Dkt. #19). Second, the user agreement states that users do not own any of the game data, including their game accounts and characters. *See id.*, at § 4.1 ("SEUI . . . will be the sole owner of any and all data you generate through your use of the PlayOnline Service. . . . SEUI shall reserve its rights in its sole discretion to delete, alter, or transfer any and all data at anytime without notice to User."). Accordingly, the Court finds that the forfeiture clause is not a liquidated damages provision, does not violate § 1671, and is not an "illegal penalty" under the common law. Therefore, the Court GRANTS Defendants' motion as to the § 1671 claim and the "illegal penalties" claim.

### 2.   The UCL Claim (Second Cause of Action)

The UCL defines unfair competition as "any unlawful, unfair or fraudulent business act or practice." *In re Tobacco II Cases*, 46 Cal. 4th 298, 311, 93 Cal. Rptr. 3d 559 (2009) (quoting Cal. Bus. & Prof. Code § 17200). As the disjunctive language in the statute indicates, "a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548 (1999)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

(quoting *State Farm Fire & Casualty Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1102
(1996)).

In the Second Amended Complaint, Plaintiffs assert a UCL claim predicated on (1)
Defendants' enforcement of the forfeiture clause and (2) Defendants' failure to disclose the
forfeiture clause at the point of sale. *See SAC* ¶ 60. Defendants argue that Plaintiffs fail to
satisfy any of the UCL prongs, *see Mot.* 9:3-10:17, and Plaintiffs claim that the allegations
satisfy each of the UCL prongs, *see Opp.* 16:3-20:21. The Court examines each prong in turn.

     a.    The Illegality Prong

Plaintiffs' illegality claim under the UCL is premised upon the alleged violation of §
1671 and the "illegal contract" claim. *See Opp.* 17:19-20 ("This illegal contract sets up
Defendant's *unlawful* conduct under UCL."). However, the Court dismissed the § 1671 and
"illegal contract" claims. Thus, Plaintiffs fail to satisfy the illegality prong of the UCL. *See*
William L. Stern, *Bus. & Prof. C. § 17200 Practice*, § 5:141 (The Rutter Group 2010) ("A
number of cases have held that if the complaint fails to state a violation of an underlying law, the
§ 17200 claim on which it is premised fails too."). Thus, Plaintiffs fail to allege any "illegal"
conduct to satisfy the UCL.

     b.    The Unfair Prong

As with the illegality prong, Plaintiffs offer a contract-based theory to argue that the
forfeiture clause was unfair. An unfair business practice under the UCL is "one that either
offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or
substantially injurious to consumers." *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th
Cir. 2008); *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001). Alternatively, an
act is "unfair" under the UCL "if the consumer injury is substantial, is not outweighed by any
countervailing benefits to consumers or to competition, and is not an injury the consumers
themselves could have reasonably avoided." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal.
App. 4th 1544, 1555, 62 Cal. Rptr. 3d 177 (2007) (quoting *Daugherty v. Am. Honda Motor Co.,
Inc.*, 144 Cal. App. 4th 824, 51 Cal. Rptr. 3d 118 (2006)).[5]

---

[5] The Court is cognizant of recent California case law suggesting that the "unfair" prong
may be subject to a narrower standard in consumer UCL cases. *See, e.g., Cel-Tech.*, 20 Cal. 4th
at 185 ("We believe these definitions [of unfairness] are too amorphous and provide too little

Case 2:09-cv-04484-PSG-VBK   Document 66   Filed 04/20/10   Page 11 of 15

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

In this case, Plaintiffs allegedly purchased the game without knowing about the forfeiture clause, but the terms and conditions of use were allegedly included in the user manual. *See SAC* ¶ 16. Plaintiffs paid monthly subscription fees to maintain access to their user accounts and game characters, and when they failed to pay the subscription fee for more than three consecutive months, Defendants allegedly terminated their accounts. *See id.* ¶¶ 15, 21. Plaintiffs fail to allege sufficient facts to suggest that Defendants' licensing practices are "immoral, unethical, oppressive, unscrupulous or *substantially* injurious to consumers." *McKell*, 142 Cal. App. 4th at 1473 (emphasis added). Moreover, Plaintiffs argue that users are "forced" to repurchase their forfeited characters at a premium "in an unscrupulous attempt at financial enrichment at the expense of these players," *Opp.* 18:3-13. However, Defendants provide a for-profit service to users, and Plaintiffs fail to provide any facts that suggest they were in any way coerced or forced to spend any money at all by Defendants. Assuming all facts alleged in the Second Amended Complaint to be true, the business practices to which Plaintiffs now object are not sufficiently "immoral, unethical, oppressive, unscrupulous, or substantially injurious" to qualify as unfair under the statute. *See Barryman*, 152 Cal. App. 4th at 1555 ("If, however, as here, the facts as pled would not state a claim even if they were true, the demurrer may be sustained."). Therefore, Plaintiffs have failed to allege an unfair business practice to support their UCL claim.

### c.   The Fraudulent Prong

In the Opposition, Plaintiffs appear to disavow their fraud-based UCL theory. *See Opp.* 5:1-3 ("(1) [T]he UCL, § 1671, and illegal forfeiture claims are based on Defendant's enforcement of an illegal penalty clause in the contract; [and] (2) the § 17500 and CLRA claims are based on Defendant's fraud/deception at the point of sale."); *id.* 3:26-27 ("Disclosure is not an issue with respect to the UCL and 1671 contract-based claims."). Notwithstanding the apparent shift in argument, part of the UCL claim is based upon the alleged nondisclosure of the forfeiture clause, *see SAC* ¶ 60(e), and Plaintiffs defend their fraud-based UCL theory elsewhere in the Opposition, *see Opp.* 19:1-20:21. As discussed previously, however, Plaintiffs lack standing to challenge the alleged nondisclosure of the forfeiture clause at the point of sale.

---

guidance to courts and businesses. Vague references to 'public policy,' for example, provide little real guidance."); *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854, 128 Cal. Rptr. 2d 389 (2002) ("[W]here a claim of an unfair act or practice is predicated on public policy, we read *Cel-Tech* to require that the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions.").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#56**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

In addition to the Article III hurdle, Plaintiffs fail to satisfy the standing requirements of the UCL.  California voters passed Proposition 64 to limit the standing of private parties to sue under the UCL.  *See* Cal. Bus. & Prof. Code § 17204.  Since the passage of Proposition 64, a private party has standing to sue under California's unfair competition law only if he or she "has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204.  The plaintiff must allege that the defendant's actions were an "immediate cause of the injury-causing conduct."  *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 99 Cal. Rptr. 3d 768 (2009); *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) ("Accordingly, we conclude that a plaintiff must plead and prove actual reliance to satisfy the standing requirement of section 17204 . . . .").

For the same reasons discussed with regard to Article III, Plaintiffs lack standing under the UCL because the allegations do not support an inference that the forfeiture clause was material.  Plaintiffs correctly argue that "materiality" is generally a question of fact.  *See Opp.* 20:1-9 (quoting *Tobacco II Cases*, 46 Cal. 4th at 326).  But, in finding that Plaintiffs lack standing, the Court does not conclude that the forfeiture clause is immaterial as a matter of law. Rather, the Court finds that Plaintiffs' fail to adequately allege that the forfeiture clause was material *to them* when they purchased the game.  Accordingly, Plaintiffs fail to state a claim that the alleged nondisclosure of the forfeiture clause was sufficiently "fraudulent" to provide the basis of a UCL claim.

        d.     <u>Summary</u>

Plaintiffs fail to state a claim under the UCL.  Plaintiffs fail to allege that Defendants' enforcement of the forfeiture clause was either illegal or unfair.  Plaintiffs also fail to satisfy the fraudulent prong of the UCL because they lack standing to challenge the alleged nondisclosure of the forfeiture clause at the point of sale.  Therefore, the Court GRANTS Defendants' motion to dismiss the UCL claim.

        3.     <u>The Unjust Enrichment Claim (Fourth Cause of Action)</u>

Plaintiffs also assert a cause of action for unjust enrichment.  Unjust enrichment, however, "is not a cause of action . . . or even a remedy, but rather a general principle, underlying various legal doctrines and remedies."  *McBride v. Boughton*, 123 Cal. App. 4th 379, 387, 20 Cal. Rptr. 3d 115 (2004) (citations omitted); *see also McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490, 49 Cal. Rptr. 3d 227 (2006); *Melchior v. New Line Prods., Inc.*, 106

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

Cal. App. 4th 779, 793, 81 Cal. Rptr. 3d 503 (2003). A claim for unjust enrichment "is synonymous with [a request for] restitution," *McBride*, 123 Cal. App. 4th at 387, and Plaintiffs already request disgorgement of profits, *see SAC* 21:28-22:4. Therefore, the Court GRANTS Defendants' motion to dismiss the claim for unjust enrichment.

       4.    The FAL Claim (Fifth Cause of Action)

      The FAL claim is based exclusively upon the alleged nondisclosure of the forfeiture clause. *See SAC* ¶¶ 78-81. As discussed previously, however, Plaintiffs lack standing to pursue their fraud-based claims. Furthermore, as Defendants also argue, the FAL claims would be time-barred. The statute of limitations for FAL actions by private litigants is three years. *See* Cal. Code Civ. P. § 338(a) (providing a default three-year statute of limitations for actions created by statute); *County of Fresno v. Lehman*, 229 Cal. App. 3d 340, 346, 280 Cal. Rptr. 310 (1991) (applying the three-year statute in Cal. Code Civ. P. 388 to an FAL claim). Plaintiffs argue that the "discovery rule" tolls the statute of limitations "until the plaintiff discovers, *or has reason to discover*, the cause of action." *Opp.* 1:23-25 (emphasis added) (citing *Norgart v. Upjohn Co.*, 21 Cal. 4th 387, 397 (1999)). However, as the user agreement is allegedly contained in the user manual, *see SAC* ¶ 16, Plaintiffs Leong and Hayne had reason do discover the forfeiture clause when they opened their game account in 2005, and they are alleged to be the last Named Plaintiffs to have opened a game account. Accordingly, Plaintiffs' FAL claims would be barred by the three-year statute, even if all the claims relate back to Plaintiff Leong's initial complaint in 2009. Therefore, the Court GRANTS Defendants' motion to dismiss the FAL claim.

       4.    The CLRA Claims (Sixth Cause of Action)

      Plaintiffs' CLRA claim includes three alternative grounds for recovery. First, Defendants allegedly violated § 1770(a)(5) by "represent[ing] that purchase of the game had particular characteristics, uses and/or benefits which it did not have at the time of sale, including, but not limited to, ownership of the game software." *SAC* ¶ 83(a). Second, Defendants allegedly violated § 1770(a)(14) by representing that purchasers of the game would own the game software, while Defendants were actually selling a license and reserved the right to unilaterally revoke the license at any time for any reason. *See id.* ¶ 83(b). Third, Defendants allegedly violated § 1770(a)(19) by including the forfeiture clause and other provisions in the user agreement, which are alleged to be unconscionable terms. *See id.* ¶ 83(c).

      The first two grounds are fraud-based and arise from the alleged nondisclosure of the

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#56**
**JS-6**

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

forfeiture clause at the point of sale. As the Court has previously determined, Plaintiffs lack standing to challenge those disclosures. Additionally, the CLRA claims based upon the nondisclosure at the point of sale are barred by the CLRA's three-year statute of limitations. *See* Cal. Civ. Code § 1783 ("Any action brought under the specific provisions of § 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice."). As the last alleged purchase was made in 2005, Plaintiffs' CLRA claims under §§ 1770(a)(5) and 1770(a)(14) are barred by the statute of limitations. Even if the fraud-based CLRA claims were not time-barred, Plaintiffs provide no facts to support their allegation that Defendants represented that users would "own" the game data; Plaintiffs only allege what Defendants' *failed* to disclose at the point of sale. Thus, Plaintiffs do not state a claim under §§ 1770(a)(5) and 1770(a)(14).

With regard to the contract-based CLRA claim under § 1770(a)(19), Plaintiffs allege that the forfeiture clause and other provisions that grant Defendants' the right to "unilaterally and permanently cancel and/or revoke the user's license" are unconscionable terms. *See SAC* ¶ 83(c). Defendants argue that Plaintiffs fail to establish both procedural and substantive unconscionability under California contract law. *See Mot.* 23:17-23 (citing *Aron v. U-Haul Co. of Cal.*, 143 Cal. App. 4th 796, 808, 49 Cal. Rptr. 3d 555 (2006)). Despite their characterization of the forfeiture clause as "unconscionable," Plaintiffs do not allege any facts to suggest that the user agreement is unconscionable. In the Opposition, Plaintiffs try to buttress their claim of unconscionability by arguing that the user agreement is "hidden in small print at the end of a 144-page manual" and that the forfeiture clause "shock[s] the conscience." *Opp.* 23:25, 28. However, the Court does not find the revocation of accounts of non-paying users sufficiently shocking. Indeed, as argued by Defendants, "[i]f such a clause were unconscionable, Square Enix and all of its competitors would be forced to make their games available in perpetuity, or face class action suits for loss of data." *Reply* 12:25-27. As Plaintiffs have not alleged sufficient facts to claim that the user agreement is procedurally and substantively unconscionable, Plaintiffs also fail to allege a violation of § 1707(a)(19) of the CLRA. Accordingly, the Court GRANTS Defendants' motion to dismiss the CLRA claim.

C.   <u>Leave to Amend</u>

Ordinarily, courts permit leave to amend upon dismissal of a claim, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted). In this case, Plaintiffs have filed an initial complaint, a First Amended Complaint, and a Second Amended Complaint,

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

transforming their theories and adding parties in a futile attempt to state a claim against Defendants. Furthermore, Defendants are seeking dismissal with prejudice, *see Mot.* 1:18-19, and Plaintiffs do not request leave to amend in the event that the Court dismisses the Second Amended Complaint. As Plaintiffs have been unable to state a claim after repeated attempts, the Court finds that leave to amend would be futile. The Court, therefore, GRANTS Defendants' motion to dismiss with prejudice.

IV.   Conclusion

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss with prejudice. The Clerk is instructed to close the case.

**IT IS SO ORDERED.**

Form 6. Civil Appeals Docketing Statement

**USCA DOCKET # (IF KNOWN)**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
# CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL: | DISTRICT: Central | JUDGE: Philip S. Gutierrez |
| --- | --- | --- |

| TITLE IN FULL: <br><br> ESTHER LEONG, individually and on behalf of all others similarly situated, <br> Plaintiffs, <br> v. <br> SQUARE ENIX OF AMERICA HOLDINGS, INC., a Delaware corporation; SQUARE ENIX, INC., a Washington corporation, <br> Defendants. |
| --- |

**DISTRICT COURT NUMBER:** CV 09-4484 PSG (VBKx)

**DATE NOTICE OF APPEAL FILED:**     **IS THIS A CROSS-APPEAL?** ❏ YES

**IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY):**

**BRIEF DESCRIPTION OF ACTION AND RESULT BELOW:**

Plaintiffs filed a class action for (1) violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code §17200, (2) violation of California's false advertising law, Cal. Bus. & Prof. Code § 17500, and(3) unjust enrichment.  District court granted Defendants' motion to dismiss without prejudice.

**PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:**

District court's error in granting defendants' motion to dismiss without prejudice.

**PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POST-JUDGMENT MOTIONS):**

None known to plaintiffs

**DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:**

❏ **Possibility of settlement**

❏ **Likelihood that intervening precedent will control outcome of appeal**

❏ **Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (specify)**

❏ **Any other information relevant to the inclusion of this case in the Mediation Program**

❏ **Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges.**

| LOWER COURT INFORMATION | | | Page 2 of 2 |
|---|---|---|---|
| JURISDICTION | | DISTRICT COURT DISPOSITION | |
| FEDERAL | APPELLATE | TYPE OF JUDGMENT / ORDER APPEALED | RELIEF |
| ☐ FEDERAL QUESTION<br><br>☒ DIVERSITY<br><br>☐ OTHER (SPECIFY) | ☒ FINAL DECISION OF DISTRICT COURT<br><br>☐ INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT<br><br>☐ INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):<br><br><br><br>☐ OTHER (SPECIFY): | ☐ DEFAULT JUDGMENT<br>☐ DISMISSAL / JURISDICTION<br>☒ DISMISSAL / MERITS<br>☐ SUMMARY JUDGMENT<br>☐ JUDGMENT / COURT DECISION<br>☐ JUDGMENT / JURY VERDICT<br>☐ DECLARATORY JUDGMENT<br>☐ JUDGMENT AS A MATTER OF LAW<br>☐ OTHER (SPECIFY): | ☐ DAMAGES:<br>    SOUGHT $_____<br>    AWARDED $_____<br>☐ INJUNCTIONS:<br>    ☐ PRELIMINARY<br>    ☐ PERMANENT<br>    ☐ GRANTED<br>    ☐ DENIED<br><br>☐ ATTORNEY FEES:<br>    SOUGHT $_____<br>    AWARDED $_____<br>    ☐ PENDING<br><br>☐ COSTS: $_____ |

| CERTIFICATION OF COUNSEL |
|---|
| **I CERTIFY THAT:**<br>1.   COPIES OF ORDER / JUDGMENT APPEALED FROM ARE ATTACHED.<br>2.   A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED ( SEE 9TH CIR. RULE 3-2<br>3.   A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.<br>4.   I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL. |

Signature                                                                  May 13/10
                                                                                    Date

| COUNSEL WHO COMPLETED THIS FORM |
|---|
| NAME:  Ronald W. Makarem, Esq. (SB #180442) |
| FIRM:   Makarem & Associates |
| ADDRESS:  11601 Wilshire Blvd., Suite 2440, Los Angeles, CA 90025 |
| E-MAIL:  makarem@law-rm.com |
| TELEPHONE: 310-312-0299 |
| FAX: 310-312-0296 |

**\* THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL\***
**\* IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS\***

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Granting Defendants' Motion to Dismiss**

Pending Before the Court is Defendants' Motion to Dismiss.  A hearing on the motion was held on April 19, 2010.  Having considered the moving and opposing papers and arguments presented at the hearing, the Court GRANTS the motion.

I.   <u>Background</u>

Defendants Square Enix of America Holdings, Inc. and Square Enix, Inc. (collectively, "Defendants") developed and distribute the online role-playing game *Final Fantasy XI Online* ("the game").  *See Second Am. Compl. ("SAC")* ¶ 11.  In order to play the game, players must purchase a copy of the game software, create an online game account ("user account"), and purchase one or more game characters that they can then use to explore the game's virtual world, complete various quests, and collect items.  *See id.* ¶¶ 13-14.  According to the Second Amended Complaint, "[t]he game is sold subject to terms and conditions contained within the user manual."  *Id.* ¶ 16.  The PlayOnline Member Agreement ("the user agreement") contains several terms and conditions governing the use of the game.[1]

---

[1] Defendants provided a copy of the user agreement in support of a previous motion to dismiss, *see Ross Decl.* ¶ 2, Ex. A (Dkt. #19), and Defendants claim that the same user agreement governs Plaintiffs' claims, *see Mot.* 1 n.3 ("The operative [user agreement] is in the record as Exhibit A to Square Enix's Motion to Dismiss Leong's First Amended Complaint.").  Under the doctrine of incorporation by reference, the Court may consider documents outside the pleadings if (1) the complaint either refers to them or necessarily relies upon them and (2) the authenticity of the extrinsic materials is not questioned.  *See Branch v. Tunnell*, 14 F.3d 449, 453

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

In order to play the game, users are allegedly required to pay a monthly subscription fee, and the failure to pay the subscription fee for more than three consecutive months will result in the deletion of a user's game account and in-game characters.[2] *See id.* ¶¶ 15-16. Defendants allegedly failed to disclose the forfeiture clause at the point of sale, *see id.* ¶ 28, and they allegedly knew that retailers do not allow a purchaser to return the game for a refund if the purchaser does not agree with the terms of the user agreement after opening the game box, *see id.* ¶ 80. Pursuant to the forfeiture clause, Defendants have allegedly revoked players' access to the game, deleted their user accounts, and terminated their in-game characters. *See id.* ¶ 21. Upon enforcement of the forfeiture clause, Defendants "forced" users to either pay to retrieve their old game characters or to purchase new copies of the game. *See id.* ¶¶ 21-22. Indeed, in the recent online special, *The Return Home to Vana'diel Campaign*, Defendants allegedly sold forfeited characters back to users at "exorbitant" prices. *See id.* ¶ 23.

On June 22, 2009, Plaintiff Esther Leong ("Plaintiff Leong") filed suit against Defendants. This was soon followed by a First Amended Complaint, which asserted causes of action for (1) violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200, (2) violation of California's false advertising law, Cal. Bus. & Prof. Code § 17500, and (3) unjust enrichment. *See* Dkt. #10. Despite the obliqueness of Plaintiff's allegations, the gravamen of Plaintiff Leong's First Amended Complaint was the lack of proper disclosures, and the Court determined that Plaintiff Leong lacked standing to challenge those disclosures where she allegedly purchased the game again with full knowledge of the game's terms and conditions. *See* Order Dismissing Plaintiff's First Amended Complaint (Dkt. #54). The Court granted

---

(9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superceded by statute on other grounds*. As with the First Amended Complaint, the Second Amended Complaint quotes from the user agreement in discussing class members' consent to personal jurisdiction. *See SAC* ¶ 9 (quoting from § 7.1 of the user agreement). Furthermore, in their Opposition, Plaintiffs do not question the authenticity of the user agreement provided by Defendants, nor do they dispute Defendants claim that the copy provided is the "operative" user agreement. Therefore, the Court considers the user agreement under the doctrine of incorporation by reference.

[2] This particular provision is referred to as "the forfeiture clause" in the Second Amended Complaint. In the Motion, Defendants refer to the provision as the "so called 'forfeiture clause.'" *Mot.* 2:6. For the sake of consistency, the Court adopts the parties' terminology.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

Plaintiff Leong leave to amend.

On February 10, 2010, Plaintiff Leong filed a Second Amended Complaint against Defendants, joining additional Plaintiffs Richard Stees ("Plaintiff Stees"), Robert Reed Carr ("Plaintiff Carr"), Vincent Chang ("Plaintiff Chang"), and Norman Hayne ("Plaintiff Hayne") (together with Plaintiff Leong, "Plaintiffs" or "Named Plaintiffs"). Plaintiffs purport to represent seven different subclasses of game users allegedly harmed by either the alleged nondisclosure of the forfeiture clause at the point of sale and/or the alleged enforcement of the forfeiture clause. *See SAC* ¶ 49 (discussing the subclasses and identifying the Named Plaintiffs that represent those subclasses). Plaintiffs now assert the following causes of action: (1) violation of Cal. Civ. Code § 1671 ("the § 1671 claim"), (2) violation of the UCL, (3) "illegal penalties," (4) unjust enrichment, (5) violation of the FAL, and (6) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770. On February 24, 2010, Defendants filed a motion to dismiss the Second Amended Complaint.

II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

In resolving a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. The Court must first accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

1950. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common sense." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

III.   Discussion

Defendants seek to dismiss Plaintiffs' claims on the grounds that (1) the applicable statutes of limitations bar their FAL, CLRA, UCL, and § 1671 claims, (2) the Named Plaintiffs lack standing, and (3) Plaintiffs fail to state a claim as to each cause of action. Unlike the First Amended Complaint, Plaintiffs' claims clearly challenge both the disclosure of the forfeiture clause as well as the legality of the clause itself. In the Opposition, Plaintiffs provide a helpful way of categorizing their claims: the FAL and CLRA claims are based on the alleged deception at the point of sale ("the fraud-based claims"), and the UCL, § 1671, and "illegal penalty" claims are based on the enforcement of the forfeiture clause ("the contract-based claims"). For the reasons discussed, Plaintiffs lack standing to pursue their fraud-based claims, and they fail to state a claim.

A.   Plaintiffs Lack Standing as to the Fraud-Based Claims

Defendants argue that Plaintiffs lack standing to pursue their fraud-based and contract-based claims. As a preliminary matter, the Court finds that Plaintiffs lack standing as to the fraud-based claims.[3] Federal courts are courts of limited jurisdiction and can only adjudicate actual cases or controversies. *See Flast v. Cohen*, 392 U.S. 83, 88, S. Ct. 1942, 20 L. Ed 947 (1968); *see also Rivera v. Freeman*, 469 F.2d 1159, 1162-63 (9th Cir. 1972) ("The limited jurisdiction of all federal courts requires, preliminarily, that there be a 'case' or 'controversy' in existence."). Article III of the U.S. Constitution requires that (1) the plaintiff has personally suffered a cognizable injury, (2) the injury is fairly traceable to the defendant's alleged unlawful conduct, and (3) the injury is redresseable by judicial decision. *See Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610

---

[3] Assuming the loss of game characters and access to their game accounts constitutes a cognizable injury-in-fact, Plaintiffs' harm would be fairly traceable to Defendants' enforcement of the forfeiture clause, and the harm would be redressable through judicial action. The Court limits its standing determination to the fraud-based claims.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

(2000). In a class action, at least one named plaintiff must have standing. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001)).

In order to pursue their fraud-based claims, Plaintiffs have the burden of establishing their individual reliance upon the nondisclosures in making their initial purchasing decision. Otherwise, the alleged harm in purchasing the game and being unable to return it for a refund would not be fairly traceable to Defendants' conduct at the point of sale. When the Court dismissed Plaintiff Leong's First Amended Complaint, the Court found that her injuries were not fairly traceable to Defendant's alleged nondisclosure at the point of sale because she alleged that she purchased the game again with full knowledge of the game's terms and conditions. *See* Order Dismissing Plaintiff's First Amended Complaint (Dkt. #54), at 6. In the Order, the Court granted leave to file an amended complaint to offer clarifying allegations and add additional plaintiffs. Plaintiff Leong now alleges that she repurchased the game without any intention of playing again, *see SAC* ¶ 35, and she is joined by four additional named plaintiffs representing seven overlapping subclasses of consumers. Despite Plaintiffs' efforts, none of the Named Plaintiffs has standing to pursue the fraud-based claims because they do not establish an injury-in-fact that is fairly traceable to the alleged nondisclosure of the forfeiture clause at the point of sale.

1.   Plaintiff Leong

Plaintiff Leong claims that she "purchased the original game without knowing about the Forfeiture Clause" and that the "Forfeiture Clause is a material term." *SAC* ¶ 36(d). Despite these allegations, Plaintiff Leong does not allege that she was unaware of the forfeiture clause when she opened her user account that same year or when she continued paying her monthly subscription fees. *See id.* ¶¶ 33-36. Indeed, as Plaintiffs now allege, the forfeiture clause and the other terms and conditions are contained in the user manual. *See id.* ¶ 16. Plaintiffs also allege that purchasers of the game are unable to return opened copies of the game if they disagree with the terms and conditions of use, which further indicates that the terms are disclosed inside of the game box. *See id.* ¶ 80. Furthermore, users are required to consent to the user agreement before setting up their user accounts and playing the game. *See Ross Decl.* ¶ 2, Ex. A, at § 1.1 (Dkt. #19) (requiring that the "'Agreement' . . . be accepted by each User (or by a parent or legal guardian on behalf of those Users between the ages of 13 and 17) prior to any use of PlayOnline or any services offered in connection therewith").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

Plaintiff has the burden of establishing her standing, and her continued payment of the subscription fees pursuant to the user agreement undermines her claim that those terms were material.  Despite Plaintiffs' conclusory claim that the forfeiture clause was "material" to Plaintiff Leong, the factual allegations do not support this conclusion because the user agreement was allegedly included in the user manual, she was required to consent to the user agreement prior to playing the game, and she did not attempt to return the game after purchase.  Furthermore, in the prior Order, the Court warned that Plaintiff Leong cannot manufacture standing to recover for her *repurchase* of the game.  *See* Order Dismissing Plaintiff's First Amended Complaint (Dkt. #54), at 7 n.2.  However, Plaintiff Leong again attempts to represent a subclass of game users who paid "extra sums of money, or repurchased the game software," even though she repurchased the game to investigate her claims against Defendants with no intention of playing the game again.[4]  *See SAC* ¶ 49(c) (purporting to represent the "Purchase-Pay" subclass with Plaintiff Stees).  In addition to her lack of standing, Plaintiffs failed to heed this Court's warning that Plaintiff Leong can only have standing based upon injuries she actually suffered, not those she inflicted upon herself in preparing for a lawsuit.  For these reasons, Plaintiff Leong lacks standing to pursue the fraud-based claims.

### 2.    Plaintiff Stees

Plaintiff Stees allegedly purchased the game in 2004 "without knowing about the Forfeiture Clause," and he allegedly believed that he was purchasing ownership rights in the game software.  *Id.* ¶ 37.  Plaintiff Stees opened a user account and paid the monthly subscription fee until 2005.  *See id.*  However, Plaintiffs do not allege that Plaintiff Stees opened his game account without knowing of the terms and conditions of use, nor do they allege that the terms were "material."  *See id.* ¶ 39(d) (omitting the generic "materiality" allegation).  Indeed, Plaintiff Stees opened a user account, paid the monthly subscription fees, and never tried to return the game.  Finally, as with Plaintiff Leong, Plaintiff Stees attempts to represent a

---

[4] In the Second Amended Complaint, Plaintiffs allege that "Plaintiff [Leong] did not buy the second game to play, nor did she have any intention of playing the game again."  *SAC* ¶ 35.  Indeed, in an earlier declaration, Plaintiff Leong stated that she had no "intention of playing the game ever again." *Leong Decl.* ¶ 7 (Dkt. #49-1).  At the hearing, however, Plaintiff's counsel suggested that Plaintiff Leong would have played again if her characters had been retrieved after the purchase of the second game.  According to this version of the facts, Plaintiff Leong could not have relied upon the nondisclosure of the forfeiture clause because she allegedly repurchased the game to play despite knowing about the game's terms and conditions.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

subclass of purchasers who expended additional money or repurchased the game, *see id.* ¶ 49(c), even though there are no allegations that Stees ever spent any money after he tried to start his game account again, *see id.* ¶ 39. Therefore, Plaintiff Stees lacks standing to pursue the fraud-based claims.

3.    <u>Plaintiff Carr and Plaintiff Chang</u>

Plaintiff Carr and Plaintiff Chang allegedly purchased the game without knowledge of the forfeiture clause. *See id.* ¶ 40 (Plaintiff Carr), ¶ 43 (Plaintiff Chang). Plaintiff Carr allegedly "bought a new game, new game characters and new game data" *after* he lost his old game characters and game account as a result of the forfeiture clause. *See id.* ¶ 41. Similarly, after losing everything, Plaintiff Chang "paid additional penalties and fees to reacquire his game, game character and game data." *Id.* ¶ 44. As with Plaintiff Leong's defective allegations in the First Amended Complaint, Plaintiff Carr's and Plaintiff Chang's expenditure of money after the alleged enforcement of the forfeiture clause negates any reasonable inference of materiality at the point of sale. Therefore, Plaintiff Carr and Plaintiff Chang lack standing to assert the fraud-based claims.

4.    <u>Plaintiff Hayne</u>

Plaintiff Hayne allegedly purchased the game in 2005, believing that he was purchasing ownership rights in the game software. *See id.* ¶ 46. However, after opening a game account, Plaintiff Hayne proceeded to pay the monthly subscription until June 2009, when his game account was permanently cancelled for an unspecified reason. *See id.* Plaintiff's decision to maintain a game account despite the alleged disclosure of the game's terms and conditions in the user manual undermine the inference that those terms were material to Plaintiff Hayne at the point of sale. Furthermore, the injury alleged by Plaintiff Hayne is not even traceable to Defendants' enforcement of the forfeiture clause because Plaintiffs do not allege that Plaintiff Hayne lost his game characters after failing to pay the subscription fees. Indeed, Plaintiffs do not allege why Plaintiff Hayne's game account was terminated. *See id.* ¶ 48 (failing to specify the reason why Plaintiff Hayne's account was terminated). Accordingly, Plaintiff Hayne lacks standing to assert the fraud-based claims and the contract-based claims against Defendants.

5.    <u>Summary</u>

Plaintiffs have the burden of establishing standing, and they fail to offer sufficient

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
| --- | --- | --- | --- |

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
| --- | --- |

allegations to establish an injury-in-fact that is fairly traceable to Defendants' alleged nondisclosure of the forfeiture clause. The user agreement was allegedly included in the user manual for the game, users are required to consent to the user agreement prior to playing the game, and each of the Named Plaintiffs proceeded to open a game account and pay the monthly subscriptions. Although Defendants allegedly knew that the games could not be returned to retailers after purchase, none of the Named Plaintiffs allegedly knew of this policy or ever tried to return their games. Additionally, some of the Named Plaintiffs are attempting to represent a class of purchasers who suffered an injury that they did not suffer (Plaintiffs Leong and Stees), others allegedly spent money to play the game again after the forfeiture clause was enforced (Plaintiffs Carr and Chang), and one has no standing to litigate any of the claims against Defendants (Plaintiff Hayne). Therefore, Plaintiffs lack standing to pursue their fraud-based claims.

B.     Plaintiffs' Allegations Are Insufficient to State a Claim

Having determined that Plaintiffs lack standing as to the fraud-based claims, the Court now examines the sufficiency of Plaintiffs' allegations as to each cause of action. For the reasons discussed, Plaintiffs fail to state any of these claims.

1.     The § 1671 and Illegal Penalty Claims (First and Third Causes of Action)

Plaintiffs assert claims for violation of § 1671 and for "illegal penalty" arising out of Defendants' alleged enforcement of the forfeiture clause. *SAC* ¶¶ 57, 67 (discussing the illegal penalty claim in reference to § 1671(d)). The § 1671 and illegal penalties claims are governed by the same standard. *See Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1398-99, 1 Cal. Rptr. 2d 446 (1991) ("The statutory provisions governing liquidated damages, enacted in 1872 as sections 1670 and 1671, 'announced no new principles of law in this state.' . . . Thus, the statutory provisions merely restated the preexisting common law [as it related to illegal contractual penalties]."). Indeed, Plaintiffs reference § 1671 and its substantive requirements in the "illegal penalties" cause of action. *See SAC* ¶¶ 67-70. As Plaintiffs do not distinguish between the § 1671 and the illegal penalty claims, the Court discusses both claims together.

Under California Civil Code § 1671, "a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the

Case 2:09-cv-04484-PSG-VBK   Document 66   Filed 04/20/10   Page 9 of 15

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

actual damage." *See* Cal. Civ. Code § 1671(d).  In other words, a claim under § 1671 and for "illegal penalties" requires a showing that the contractual penalty (1) assesses liquidated damages (2) for breach of the contract.

Defendants argue that Plaintiffs fail to state a claim for violation of Cal. Civ. Code § 1671 and for "illegal penalties" because the forfeiture clause is not a liquidated damages provision.  *See Mot.* 11:6-14:14.  California courts define liquidated damages as "an amount of compensation to be paid in the event of a breach of contract, the sum of which is fixed and certain by agreement."  *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1002 (9th Cir. 2002); *Ruwe v. Cellco Partnership*, 613 F. Supp. 2d 1191, 1196 (N.D. Cal. 2009).  Plaintiffs concede that the forfeiture clause does not impose any liquidated damages.  *See Opp.* 12:27 ("Plaintiffs would agree that the Forfeiture Clause is not a liquidated damages clause . . . .").  The Court's analysis could end there.

Plaintiffs, however, go on to argue that the provision is nonetheless illegal because it requires the forfeiture of property without any relation to compensating Defendants for the breach of contract.  *See id.* 3:1-4.  This argument, however, assumes that non-payment of the subscription constitutes a "breach" of the user agreement and that users have a property interest in the game data.  First, the user agreement does not require users to pay the subscription fees indefinitely; it merely requires payment of the subscription fee as a condition of use.  *See Ross Decl.* ¶ 2, Ex. A, at § 5.2 (Dkt. #19).  Second, the user agreement states that users do not own any of the game data, including their game accounts and characters.  *See id.*, at § 4.1 ("SEUI . . . will be the sole owner of any and all data you generate through your use of the PlayOnline Service. . . . SEUI shall reserve its rights in its sole discretion to delete, alter, or transfer any and all data at anytime without notice to User.").  Accordingly, the Court finds that the forfeiture clause is not a liquidated damages provision, does not violate § 1671, and is not an "illegal penalty" under the common law.  Therefore, the Court GRANTS Defendants' motion as to the § 1671 claim and the "illegal penalties" claim.

2.      The UCL Claim (Second Cause of Action)

The UCL defines unfair competition as "any unlawful, unfair or fraudulent business act or practice."  *In re Tobacco II Cases*, 46 Cal. 4th 298, 311, 93 Cal. Rptr. 3d 559 (2009) (quoting Cal. Bus. & Prof. Code § 17200).  As the disjunctive language in the statute indicates, "a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa."  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548 (1999)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|----------|-----------------------|------|----------------|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|-------|---------------------------------------------------------------|

(quoting *State Farm Fire & Casualty Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1102 (1996)).

In the Second Amended Complaint, Plaintiffs assert a UCL claim predicated on (1) Defendants' enforcement of the forfeiture clause and (2) Defendants' failure to disclose the forfeiture clause at the point of sale. *See SAC* ¶ 60. Defendants argue that Plaintiffs fail to satisfy any of the UCL prongs, *see Mot.* 9:3-10:17, and Plaintiffs claim that the allegations satisfy each of the UCL prongs, *see Opp.* 16:3-20:21. The Court examines each prong in turn.

a.     The Illegality Prong

Plaintiffs' illegality claim under the UCL is premised upon the alleged violation of § 1671 and the "illegal contract" claim. *See Opp.* 17:19-20 ("This illegal contract sets up Defendant's *unlawful* conduct under UCL."). However, the Court dismissed the § 1671 and "illegal contract" claims. Thus, Plaintiffs fail to satisfy the illegality prong of the UCL. *See* William L. Stern, *Bus. & Prof. C. § 17200 Practice*, § 5:141 (The Rutter Group 2010) ("A number of cases have held that if the complaint fails to state a violation of an underlying law, the § 17200 claim on which it is premised fails too."). Thus, Plaintiffs fail to allege any "illegal" conduct to satisfy the UCL.

b.     The Unfair Prong

As with the illegality prong, Plaintiffs offer a contract-based theory to argue that the forfeiture clause was unfair. An unfair business practice under the UCL is "one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008); *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001). Alternatively, an act is "unfair" under the UCL "if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have reasonably avoided." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1555, 62 Cal. Rptr. 3d 177 (2007) (quoting *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 51 Cal. Rptr. 3d 118 (2006)).[5]

---

[5] The Court is cognizant of recent California case law suggesting that the "unfair" prong may be subject to a narrower standard in consumer UCL cases. *See, e.g., Cel-Tech.*, 20 Cal. 4th at 185 ("We believe these definitions [of unfairness] are too amorphous and provide too little

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#56**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

In this case, Plaintiffs allegedly purchased the game without knowing about the forfeiture clause, but the terms and conditions of use were allegedly included in the user manual.  *See SAC* ¶ 16.  Plaintiffs paid monthly subscription fees to maintain access to their user accounts and game characters, and when they failed to pay the subscription fee for more than three consecutive months, Defendants allegedly terminated their accounts.  *See id.* ¶¶ 15, 21.  Plaintiffs fail to allege sufficient facts to suggest that Defendants' licensing practices are "immoral, unethical, oppressive, unscrupulous or *substantially* injurious to consumers."  *McKell*, 142 Cal. App. 4th at 1473 (emphasis added).  Moreover, Plaintiffs argue that users are "forced" to repurchase their forfeited characters at a premium "in an unscrupulous attempt at financial enrichment at the expense of these players," *Opp.* 18:3-13.  However, Defendants provide a for-profit service to users, and Plaintiffs fail to provide any facts that suggest they were in any way coerced or forced to spend any money at all by Defendants.  Assuming all facts alleged in the Second Amended Complaint to be true, the business practices to which Plaintiffs now object are not sufficiently "immoral, unethical, oppressive, unscrupulous, or substantially injurious" to qualify as unfair under the statute.  *See Barryman*, 152 Cal. App. 4th at 1555 ("If, however, as here, the facts as pled would not state a claim even if they were true, the demurrer may be sustained.").  Therefore, Plaintiffs have failed to allege an unfair business practice to support their UCL claim.

c.     The Fraudulent Prong

In the Opposition, Plaintiffs appear to disavow their fraud-based UCL theory.  *See Opp.* 5:1-3 ("(1) [T]he UCL, § 1671, and illegal forfeiture claims are based on Defendant's enforcement of an illegal penalty clause in the contract; [and] (2) the § 17500 and CLRA claims are based on Defendant's fraud/deception at the point of sale."); *id.* 3:26-27 ("Disclosure is not an issue with respect to the UCL and 1671 contract-based claims.").  Notwithstanding the apparent shift in argument, part of the UCL claim is based upon the alleged nondisclosure of the forfeiture clause, *see SAC* ¶ 60(e), and Plaintiffs defend their fraud-based UCL theory elsewhere in the Opposition, *see Opp.* 19:1-20:21.  As discussed previously, however, Plaintiffs lack standing to challenge the alleged nondisclosure of the forfeiture clause at the point of sale.

---

guidance to courts and businesses.  Vague references to 'public policy,' for example, provide little real guidance."); *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854, 128 Cal. Rptr. 2d 389 (2002) ("[W]here a claim of an unfair act or practice is predicated on public policy, we read *Cel-Tech* to require that the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions.").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#56**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

In addition to the Article III hurdle, Plaintiffs fail to satisfy the standing requirements of the UCL. California voters passed Proposition 64 to limit the standing of private parties to sue under the UCL. *See* Cal. Bus. & Prof. Code § 17204. Since the passage of Proposition 64, a private party has standing to sue under California's unfair competition law only if he or she "has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204. The plaintiff must allege that the defendant's actions were an "immediate cause of the injury-causing conduct." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 99 Cal. Rptr. 3d 768 (2009); *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) ("Accordingly, we conclude that a plaintiff must plead and prove actual reliance to satisfy the standing requirement of section 17204 . . . .").

For the same reasons discussed with regard to Article III, Plaintiffs lack standing under the UCL because the allegations do not support an inference that the forfeiture clause was material. Plaintiffs correctly argue that "materiality" is generally a question of fact. *See Opp.* 20:1-9 (quoting *Tobacco II Cases*, 46 Cal. 4th at 326). But, in finding that Plaintiffs lack standing, the Court does not conclude that the forfeiture clause is immaterial as a matter of law. Rather, the Court finds that Plaintiffs' fail to adequately allege that the forfeiture clause was material *to them* when they purchased the game. Accordingly, Plaintiffs fail to state a claim that the alleged nondisclosure of the forfeiture clause was sufficiently "fraudulent" to provide the basis of a UCL claim.

        d.    <u>Summary</u>

Plaintiffs fail to state a claim under the UCL. Plaintiffs fail to allege that Defendants' enforcement of the forfeiture clause was either illegal or unfair. Plaintiffs also fail to satisfy the fraudulent prong of the UCL because they lack standing to challenge the alleged nondisclosure of the forfeiture clause at the point of sale. Therefore, the Court GRANTS Defendants' motion to dismiss the UCL claim.

        3.    <u>The Unjust Enrichment Claim (Fourth Cause of Action)</u>

Plaintiffs also assert a cause of action for unjust enrichment. Unjust enrichment, however, "is not a cause of action . . . or even a remedy, but rather a general principle, underlying various legal doctrines and remedies." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387, 20 Cal. Rptr. 3d 115 (2004) (citations omitted); *see also McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490, 49 Cal. Rptr. 3d 227 (2006); *Melchior v. New Line Prods., Inc.*, 106

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* | | |

Cal. App. 4th 779, 793, 81 Cal. Rptr. 3d 503 (2003). A claim for unjust enrichment "is synonymous with [a request for] restitution," *McBride*, 123 Cal. App. 4th at 387, and Plaintiffs already request disgorgement of profits, *see SAC* 21:28-22:4. Therefore, the Court GRANTS Defendants' motion to dismiss the claim for unjust enrichment.

      4.    <u>The FAL Claim (Fifth Cause of Action)</u>

      The FAL claim is based exclusively upon the alleged nondisclosure of the forfeiture clause. *See SAC* ¶¶ 78-81. As discussed previously, however, Plaintiffs lack standing to pursue their fraud-based claims. Furthermore, as Defendants also argue, the FAL claims would be time-barred. The statute of limitations for FAL actions by private litigants is three years. *See* Cal. Code Civ. P. § 338(a) (providing a default three-year statute of limitations for actions created by statute); *County of Fresno v. Lehman*, 229 Cal. App. 3d 340, 346, 280 Cal. Rptr. 310 (1991) (applying the three-year statute in Cal. Code Civ. P. 388 to an FAL claim). Plaintiffs argue that the "discovery rule" tolls the statute of limitations "until the plaintiff discovers, *or has reason to discover*, the cause of action." *Opp.* 1:23-25 (emphasis added) (citing *Norgart v. Upjohn Co.*, 21 Cal. 4th 387, 397 (1999)). However, as the user agreement is allegedly contained in the user manual, *see SAC* ¶ 16, Plaintiffs Leong and Hayne had reason do discover the forfeiture clause when they opened their game account in 2005, and they are alleged to be the last Named Plaintiffs to have opened a game account. Accordingly, Plaintiffs' FAL claims would be barred by the three-year statute, even if all the claims relate back to Plaintiff Leong's initial complaint in 2009. Therefore, the Court GRANTS Defendants' motion to dismiss the FAL claim.

      4.    <u>The CLRA Claims (Sixth Cause of Action)</u>

      Plaintiffs' CLRA claim includes three alternative grounds for recovery. First, Defendants allegedly violated § 1770(a)(5) by "represent[ing] that purchase of the game had particular characteristics, uses and/or benefits which it did not have at the time of sale, including, but not limited to, ownership of the game software." *SAC* ¶ 83(a). Second, Defendants allegedly violated § 1770(a)(14) by representing that purchasers of the game would own the game software, while Defendants were actually selling a license and reserved the right to unilaterally revoke the license at any time for any reason. *See id.* ¶ 83(b). Third, Defendants allegedly violated § 1770(a)(19) by including the forfeiture clause and other provisions in the user agreement, which are alleged to be unconscionable terms. *See id.* ¶ 83(c).

      The first two grounds are fraud-based and arise from the alleged nondisclosure of the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|----------|----------------------|------|----------------|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|-------|----------------------------------------------------------------|

forfeiture clause at the point of sale. As the Court has previously determined, Plaintiffs lack standing to challenge those disclosures. Additionally, the CLRA claims based upon the nondisclosure at the point of sale are barred by the CLRA's three-year statute of limitations. *See* Cal. Civ. Code § 1783 ("Any action brought under the specific provisions of § 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice."). As the last alleged purchase was made in 2005, Plaintiffs' CLRA claims under §§ 1770(a)(5) and 1770(a)(14) are barred by the statute of limitations. Even if the fraud-based CLRA claims were not time-barred, Plaintiffs provide no facts to support their allegation that Defendants represented that users would "own" the game data; Plaintiffs only allege what Defendants' *failed* to disclose at the point of sale. Thus, Plaintiffs do not state a claim under §§ 1770(a)(5) and 1770(a)(14).

With regard to the contract-based CLRA claim under § 1770(a)(19), Plaintiffs allege that the forfeiture clause and other provisions that grant Defendants' the right to "unilaterally and permanently cancel and/or revoke the user's license" are unconscionable terms. *See SAC* ¶ 83(c). Defendants argue that Plaintiffs fail to establish both procedural and substantive unconscionability under California contract law. *See Mot.* 23:17-23 (citing *Aron v. U-Haul Co. of Cal.*, 143 Cal. App. 4th 796, 808, 49 Cal. Rptr. 3d 555 (2006)). Despite their characterization of the forfeiture clause as "unconscionable," Plaintiffs do not allege any facts to suggest that the user agreement is unconscionable. In the Opposition, Plaintiffs try to buttress their claim of unconscionability by arguing that the user agreement is "hidden in small print at the end of a 144-page manual" and that the forfeiture clause "shock[s] the conscience." *Opp.* 23:25, 28. However, the Court does not find the revocation of accounts of non-paying users sufficiently shocking. Indeed, as argued by Defendants, "[i]f such a clause were unconscionable, Square Enix and all of its competitors would be forced to make their games available in perpetuity, or face class action suits for loss of data." *Reply* 12:25-27. As Plaintiffs have not alleged sufficient facts to claim that the user agreement is procedurally and substantively unconscionable, Plaintiffs also fail to allege a violation of § 1707(a)(19) of the CLRA. Accordingly, the Court GRANTS Defendants' motion to dismiss the CLRA claim.

C.    <u>Leave to Amend</u>

Ordinarily, courts permit leave to amend upon dismissal of a claim, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted). In this case, Plaintiffs have filed an initial complaint, a First Amended Complaint, and a Second Amended Complaint,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4484 PSG (VBKx) | Date | April 20, 2010 |
|---|---|---|---|

| Title | Esther Leong v. Square Enix of America Holdings, Inc. *et al.* |
|---|---|

transforming their theories and adding parties in a futile attempt to state a claim against Defendants.  Furthermore, Defendants are seeking dismissal with prejudice, *see Mot.* 1:18-19, and Plaintiffs do not request leave to amend in the event that the Court dismisses the Second Amended Complaint.  As Plaintiffs have been unable to state a claim after repeated attempts, the Court finds that leave to amend would be futile.  The Court, therefore, GRANTS Defendants' motion to dismiss with prejudice.

IV.   <u>Conclusion</u>

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss with prejudice.  The Clerk is instructed to close the case.

**IT IS SO ORDERED.**

PROOF OF SERVICE
(Code of Civil Procedure §1013A(d))

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 11601 Wilshire Boulevard, Suite 2440 Los Angeles, CA 90025.   On May 13, 2010, I caused the foregoing document described as:

Notice of Appeal

Said document was served on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Robert N. Klieger, Esq.
rklieger@kbkfirm.com
Gabriel Miller, Esq.
gmiller@kbkfirm.com
Kendall Brill & Klieger LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067

___BY MAIL:  I deposited such envelope in the mail at Los Angeles, California.    The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with this business' practice for collection and processing of mail and that on the same day, and in the ordinary course of business, said mail is deposited in the United States Mail with postage thereon fully prepaid at Los Angeles, California.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit/proof of service.

__ PERSONAL SERVICE:  I delivered said envelope by hand to the offices of the addressee(s).

 xx __ VIA ELECTRONIC MAIL:  On the interested parties above-designated at the email address noted above.

___VIA OVERNIGHT DELIVERY:  I placed such envelope for regularly scheduled pickup at our offices on the date of this declaration by our usual overnight delivery service.

I declare under penalty of perjury under the laws of the State of California and the United States of American that the foregoing is true and correct. Executed on May 13, 2010,  at Los Angeles, California.

_Stefani McDowell_
Stefani McDowell